LOUIS P. STEELMAN, Appellant, v.
RULON LIND, Respondent.

No. 11333

October 13, 1981                                                    634 P.2d 666

*Deaner, Deaner & Reynolds,* Las Vegas, for Appellant.

*Dickerson, Miles & Pico, Bert O. Mitchell,* Las Vegas, for Respondent.

---

## OPINION

By the Court, BATJER, J.:

The appellant, Louis P. Steelman, filed this action against respondent Rulon Lind for personal injuries suffered in an automobile accident.

On July 28, 1976, Steelman, an on-duty Nevada Highway Patrol trooper, was called to Interstate Highway 15, in Clark County, Nevada, where Lind was attempting to reload a trailer with beehives filled with live bees which had slipped off the trailer onto the roadway. Steelman positioned his highway patrol vehicle, with red lights flashing, some distance behind the Lind vehicle and trailer, placed flares on the roadway to warn approaching vehicles, then returned to his highway patrol vehicle while Lind continued to reload the hives. As Steelman sat in his car, a tractor-trailer vehicle operated by Andrew Van Campen,[1] crashed into the rear of the highway patrol car, forcing it into the Lind trailer. Steelman was trapped in the car for some time and suffered severe injuries. He was rendered legally blind and permanently crippled and in all probability will be unemployable for the remainder of his life.

---

[1]Van Campen and the owner of the tractor-trailer rig he was operating were named as parties in the complaint filed by Steelman, but a settlement was entered into between them and appellant. They are not parties to this appeal. In Hubbard v. Boelt, 620 P.2d 156 (Cal. 1980), quoting from Walters v. Sloan, 571 P.2d 609, fn. 2 (Cal. 1977), "Thus a police officer who while placing a ticket on an illegally parked car is struck by a speeding vehicle may maintain action against the speeder but the rule [fireman's rule] bars recovery against the owner of the parked car for negligent parking."

Respondent moved the district court for summary judgment on the sole ground that Steelman, as a police officer, was barred by the "fireman's rule"[2] from bringing suit against Lind, a private citizen. The district court ordered summary judgment, from which this appeal is taken.

Relying on Sierra Pacific v. Anderson, 77 Nev. 68, 358 P.2d 892 (1961), Steelman suggests that whether he "assumed the risk" of the hazard involved at the scene of the accident is a question of fact to be resolved. Steelman's reliance on *Sierra Pacific* is misplaced. There, the trial court, viewing the complexity of that case, concluded that assumption of the risk was not so clear that reasonable persons would be unable to differ and concluded it was a question of fact for the jury. Here, the district court concluded that Steelman's assumption of the risk was a matter of law and applied the "fireman's rule".

Upon the facts of this case, the "fireman's rule" is applicable to bar appellant's cause of action. Steelman, fully aware of the hazard created by Lind's negligence,[3] and in the performance of his duty, confronted the risk.

The origins of the rule lie in the area of tort law relating to the duty owed by an owner or occupier of land toward one who comes upon the land. *See* Prosser, Business Visitors and Invitees; 26 Minn.L.Rev. 573, 608-612. The rule developed from the notion that taxpayers employ firemen and policemen, at least in part, to deal with future damages that may result from the taxpayers' own negligence. To allow actions by policemen and firemen against negligent taxpayers would subject them to multiple penalties for the protection. 2 Harper & James, The Law of Torts (1956) § 27.14 pp. 1503-1504.

A public safety officer in Steelman's position cannot base a tort claim upon damage caused by the very risk that he is paid to encounter and with which he is trained to cope. Giorgi v. Pacific Gas & Elec. Co., 72 Cal.Rptr. 119 (Cal.App. 1968); Walters v. Sloan, 571 P.2d 609 (Cal. 1977).

Such officers, in accepting the salary and fringe benefits offered for the job, assume all normal risks inherent in the

---

[2]"Fireman's Rule" as used in this opinion includes both feminine and masculine genders and is applied to bar certain tort causes of action by firemen and policemen injured during the course of their hazardous occupations. Walters v. Sloan, *infra*. While denominated the "fireman's rule", it is applicable to policemen as well. Giorgi v. Pacific Gas & Elec. Co., 72 Cal.Rptr. 119 (Cal.App. 1968).

[3]Respondent's negligence was assumed by the trial court for the purpose of the motion for summary judgment.

employment as a matter of law and thus may not recover from one who negligently creates such a risk. *See e.g.,* Maltman v. Sauer, 530 P.2d 254 (Wash. 1975); Buren v. Midwest Industries, Inc., 380 S.W.2d 96, 98-99 (Ky.App. 1964). If this were not the rule, citizens would be reluctant to seek the aid of a public safety officer or to have such aid sought in their behalf upon the fear that a subsequent claim for injury by the officer might be far more damaging than the initial fire or assault. To hold otherwise would create far too severe a burden upon homeowners in keeping their premises reasonably safe for the unexpected arrivals of police and firemen. *See* Aravanis v. Eisenberg, 206 A.2d 148 (Md.App. 1965). In Krauth v. Geller, 157 A.2d 129, 131 (N.J. 1960), that court stated;

> Probably most fires are attributable to negligence, and in the final analysis the policy decision is that it would be too burdensome to charge all who carelessly cause or fail to prevent fires with the injuries suffered by the expert retained with public funds to deal with those inevitable, although negligently created, occurrences.

It was the duty of Steelman, a highway patrol trooper, to take affirmative action to protect anyone found in a precarious situation upon the highway from additional harm. Action, such as that taken by Steelman, on behalf of Lind, a motorist in distress, as well as other motorists traveling upon the highway, forms a part of what troopers are hired to do and falls directly under the ordinary course of the duties of the occupation.

As stated in Solgaard v. Guy F. Atkinson Co., 491 P.2d 821, 825, (Cal. 1971), "firemen cannot complain of negligence in the creation of the very occasion for [their] engagement". Giorgi v. Pacific Gas & Elec. Co., *supra,* at 119; Walters v. Sloan, *supra,* at 612.

The beehives falling from the trailer onto the highway would have caused Steelman's injury only in the sense that it "created the occasion" for his presence at the scene of the accident.

Whether the negligently created risk which results in a fireman's or policeman's injury is the reason for his being at the scene in his professional capacity determines the applicability of the rule. Scott v. E. L. Yeager Construction Co., 91 Cal.Rptr. 232 (Cal.App. 1970).

For the reasons expressed above, we hold that as a matter of

law, appellant is barred by the fireman's rule from maintaining an action against Lind and affirm the summary judgment.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOW-BRAY, JJ., concur.