BEVERLY OEHLER AND CHARLES OEHLER, APPELLANTS, *v.* HUMANA, INC., DBA HUMANA HOSPITAL SUNRISE, RESPONDENT.

No. 18971

June 22, 1989                                    775 P.2d 1271

*E. Sue Saunders,* Reno, for Appellants.

*Barker, Gillock, Koning, Brown & Earley* and *Jerry S. Busby,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On November 12, 1974, Dr. Don L. Christensen performed surgery on appellant Beverly Oehler at respondent Humana, Inc., dba Humana Hospital Sunrise. Beverly continued to have health problems. On October 19, 1982, Dr. Christensen performed gall bladder surgery upon Beverly at respondent hospital. Dr. Christensen had staff privileges with respondent, was chief of staff there in 1974 and vice chief of staff in 1982. Beverly continued to have health problems and had surgery again on December 16, 1983, at Valley Hospital where a mass was removed from her abdomen.

On September 30, 1985, appellants, Charles and Beverly Oehler, filed a complaint against respondent and numerous physicians, including Dr. Christensen, alleging that they had negligently treated her medical problems. Respondent answered the complaint denying liability. Both parties conducted discovery. On July 30, 1987, respondent filed a motion for summary judgment. The district court granted respondent's motion for summary

judgment and certified the judgment pursuant to NRCP 54(b). This appeal followed.

Appellants contend that the district court erred by granting respondent summary judgment because respondent was not entitled to judgment as a matter of law and genuine issues of fact exist for trial.

NRCP 56(c) provides:

> The judgment [summary judgment] sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

First, appellants contend that a hospital can be held liable for negligently supervising a nonemployee physician with medical staff privileges under the corporate negligence theory of liability.

> The concept of corporate responsibility for the quality of medical care was forcibly advanced in *Darling v. Charleston Community Memorial Hosp.*, 211 N.E.2d 253 (Ill. 1965), wherein the Illinois Supreme Court held that hospitals and their governing bodies may be held liable for injuries resulting from imprudent or careless supervision of members of their medical staffs.

Moore v. Board of Trustees, 88 Nev. 207, 212, 495 P.2d 605, 608 (1972).

Appellants alleged that respondent breached its duty to supervise the quality of care Beverly received by not requiring Dr. Christensen to file reports concerning his treatment of Beverly pursuant to its own rules and regulations. Respondent argues that a hospital's duty to monitor and supervise the treatment of patients should apply only to physicians who are employees of the hospital. We disagree.

The corporate theory of liability arose in part because it was difficult for patients to recover from hospitals under the theory of *respondeat superior* as physicians were generally considered independent contractors. *See* Pedroza v. Bryant, 677 P.2d 166 (Wash. 1984). Limiting a hospital's duty to supervise the treatment of patients to physicians who are employees of the hospital is directly opposed to the rationale creating the corporate theory of liability. Therefore, a hospital may be liable for the negligent

supervision of a nonemployee physician who has staff privileges under the corporate negligence theory of liability.

Furthermore, appellants' complaint was sufficient to put respondent on notice of the nature of the claim and relief sought. A complaint is sufficient to state a cause of action for negligent supervision where it alleges that the operation was performed at the hospital with its knowledge, aid and assistance and that the negligence of the defendants was the proximate cause of the injuries. *See* Ferdina v. Evans, 622 P.2d 463 (Ariz. 1980). The complaint alleges that the defendants agreed to and did provide medical care and treatment to Beverly. The complaint alleges that the defendants were negligent in their care and treatment of Beverly and that she was injured as a direct and proximate result of their negligence. Thus the complaint alleged that respondent had knowledge of Beverly's operation, aided and assisted in that operation and that respondent's negligence proximately caused her injuries. Therefore, the complaint was sufficient to state a cause of action for negligent supervision.

Second, appellants contend that genuine issues of material fact remain for trial regarding whether respondent negligently supervised Dr. Christensen. We agree. Appellants submitted affidavits from two medical experts—a nurse administrator and a doctor. A qualified nurse may testify regarding the national standard of care for a hospital. *See* Wickliffe v. Sunrise Hospital, 101 Nev. 542, 706 P.2d 1383 (1985). The affidavits contained statements which, if true, would allow a reasonable jury to return a verdict in favor of appellants. Therefore, genuine issues of material fact exist regarding respondent's liability for negligent supervision. *See Anderson,* 477 U.S. 242.

Finally, appellants contend that genuine issues of material fact exist for trial regarding whether respondent was vicariously liable. A hospital is not vicariously liable for acts of physicians who are neither employees nor agents of the hospital. Gasbarra v. St. James Hospital, 406 N.E.2d 544 (Ill.App. 1980); Cooper v. Curry, 589 P.2d 201 (N.M.Ct.App. 1978). Appellants presented evidence that Dr. Christensen rented office space in a building controlled by respondent and a newspaper article suggesting that respondent subsidized the rent of some physicians in the building. This evidence is merely colorable and not sufficient for a jury to find that Dr. Christensen was respondent's agent. *See Anderson,* 477 U.S. at 249-250 (evidence that is merely colorable or not significantly probative is not sufficient to preclude summary judg-

ment). Therefore, summary judgment was appropriate on the issue of vicarious liability.

Accordingly, the decision of the district court is reversed on the issue of negligent supervision, affirmed on the issue of vicarious liability and the case remanded for trial on the issue of negligent supervision.