*1312
 
 OPINION
 

 Per Curiam:
 

 Appellant, police officer Kendall Wiley, appeals from orders of summary judgment entered against her on claims of negligence against W.F. Redd
 
 [1]
 
 and Alarmco, Inc. Alarmco has cross-appealed an order of summary judgment in favor of Redd et al., as to Alarmco’s cross-claim and third-party complaint. At issue are the common law firefighter’s rule, which operates to bar tort recovery by firefighters, police officers, and other public officers (hereinafter “safety officers”), NRS 41.139, which limits the common law rule’s scope, and Alarmco’s duty at common law. The act of negligence Wiley alleges against Redd and Alarmco is the failure to warn of dogs present on Redd’s property at a time when Wiley was dispatched to investigate an activated burglar alarm leased to Redd by Alarmco.
 

 For reasons set forth hereafter, we affirm the order of summary judgment entered in favor of Alarmco against Wiley, reverse the order of summary judgment favoring Redd against Wiley, and remand accordingly. Alarmco’s cross-appeal is rendered moot by this disposition.
 

 FACTS
 

 On July 5, 1989, Wiley and her partner were summoned to the Redd residence to investigate an activated burglar alarm. Neither Redd nor his wife were home at the time. Redd had leased the burglar alarm system from Alarmco, who, as part of its service, notified the police when the alarm sounded. Alarmco alerted the police to the sounding alarm on the day in question and also dispatched an Alarmco employee to the Redd residence to investigate.
 

 Wiley and her partner were the first to arrive at the scene. They proceeded to investigate and noticed a dog pen and dog house in the backyard. Wiley claims that she and her partner then whistled and banged on the fence to see if dogs were on the premises. When no dogs responded, Wiley and her partner climbed the fence enclosing the back yard to commence their security check. Shortly thereafter, they were charged by two Rottweiler dogs that had apparently been concealed behind some bushes. Wiley’s partner escaped over the fence, but Wiley was bitten on her wrist by one of the dogs.
 

 
 *1313
 
 Wiley filed a complaint against both Redd and Alarmco alleging negligent failure to warn of the dogs. Alarmco filed a cross-claim and third-party complaint against Redd seeking indemnification or contribution.
 
 [2]
 
 On June 15, 1992, Redd filed a motion for summary judgment against Wiley, contending that the common law firefighter’s rule and NRS 41.139 barred Wiley’s complaint as a matter of law. Alarmco joined in Redd’s motion for summary judgment, adopting Redd’s arguments and the additional argument that Alarmco owed no duty to Wiley as a matter of law. The district court granted summary judgment in favor of both Redd and Alarmco against Wiley and in favor of Redd in Alarmco’s cross-claim and third-party complaint. This appeal ensued.
 

 DISCUSSION
 

 Standard of review
 

 Summary judgment is appropriate only when a review of the record in a light most favorable to the non-moving party reveals no genuine issues of material fact and judgment is warranted as a matter of law. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985). In determining whether summary judgment is proper, the non-moving party is entitled to have the evidence and all reasonable inferences to be drawn therefrom accepted as true. Wiltsie v. Baby Grand Corp., 105 Nev. 291, 292, 774 P.2d 432, 433 (1989). Accordingly, a district court may not grant summary judgment if a reasonable jury could return a verdict in favor of the non-moving party. Oehler v. Humana, Inc., 105 Nev. 348, 350, 775 P.2d 1271, 1272 (1987). On appeal, this court is required to determine whether the trial court erred in concluding that there were no genuine issues of material fact and that summary judgment was justified as a matter of law. Bird v. Casa Royale West, 97 Nev. 67, 68, 624 P.2d 17, 18 (1981). Our review of an order granting summary judgment is de novo. Tore, Ltd. v. Church, 105 Nev. 183, 185, 772 P.2d 1281, 1282 (1989).
 

 The firefighter’s rule
 

 Both Redd and Alarmco contend that the common law fire
 
 *1314
 
 fighter’s rule bars Wiley’s negligence claims. This court first addressed the firefighter’s rule in Steelman v. Lind, 97 Nev. 425, 634 P.2d 666 (1981), and more recently, in Moody v. Manny’s Auto Repair, 110 Nev. 320, 871 P.2d 935 (1994). In
 
 Steelman
 
 we concluded:
 

 A public safety officer . . . cannot base a tort claim upon damage caused by the very risk that he is paid to encounter and with which he is trained to cope.
 

 Such officers, in accepting the salary and fringe benefits offered for the job, assume all normal risks inherent in the employment as a matter of law and thus may not recover from one who negligently creates such a risk.
 

 Whether the negligently created risk which results in a fireman’s or policeman’s injury is the reason for his being at the scene in his professional capacity determines the applicability of the rule.
 

 97 Nev. at 427-28, 634 P.2d at 667 (citations omitted). In
 
 Moody,
 
 we affirmed that, as modified by the 1985 enactment of NRS 41.139, the firefighter’s rule still applies in Nevada, and that its scope is limited to those instances where the negligent act which injures the safety officer is the same act which required the safety officer’s presence. 110 Nev. at 328, 871 P.2d at 940.
 

 In the present case, the alleged acts of negligence were Redd and Alarmco’s respective failures to warn Wiley of vicious dogs on Redd’s property as Wiley responded to a call to investigate a sounding alarm. Clearly, the activated burglar alarm and Alarm-co’s telephone call to the police department were the events which produced Wiley’s presence at the scene of her injury, rather than any failure to warn. We conclude, therefore, that the firefighter’s rule would not prevent Wiley from pursuing negligence claims against Redd or Alarmco.
 
 [3]
 

 
 *1315
 
 Our ruling requires reversal of the summary judgment entered in favor of Redd as there remains a genuine issue of material fact relating to whether Redd acted reasonably under the circumstances in failing to warn or otherwise assuring that Wiley was warned of the presence of vicious dogs on Redd’s property.
 
 See Moody,
 
 110 Nev. at 333, 871 P.2d at 943 (“We conclude that all persons in this society have an obligation to act reasonably and that an owner or occupier of land should be held to the general duty of reasonable care when another is injured on that land.”).
 

 Our conclusion regarding Redd is not dispositive of Alarmco’s contention that it owed Wiley no duty, as a matter of law, to warn of Redd’s animals.
 

 Alarmco’s duty
 

 To prevail on a negligence theory, a plaintiff generally must show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff’s injury; and (4) the plaintiff suffered damages. Doud v. Las Vegas Hilton Corp. 109 Nev. 1096, 1100, 864 P.2d 796, 798 (1993) (citing Perez v. Las Vegas Medical Center, 107 Nev. 1, 4, 805 P.2d 589, 590 (1991)). In order to justify summary relief, a moving defendant must show that one of the elements of the plaintiff’s prima facie case is “clearly lacking as a matter of law.”
 
 Id.
 
 Therefore, if Alarmco owed no duty to Wiley, summary judgment should be affirmed.
 

 This court has recently indicated a move from status-based tort
 
 *1316
 
 analysis to that of a general duty of reasonable care — at least in the domain of owners and occupiers of land. In
 
 Moody,
 
 where a duty may have been lacking at one time as a matter of law, this court, as noted above, concluded that “all persons in this society have an obligation to act reasonably,” and remanded the issue of the reasonableness of the defendants’ actions for a factual determination.
 
 Moody,
 
 110 Nev. at 333, 871 P.2d at 943;
 
 see also
 
 Turpel v. Sayles, 101 Nev. 35, 692 P.2d 1290 (1985). It is equally apparent, however, that the law does not impose a general affirmative duty to warn others of dangers. Specifically, “in failure to warn cases, defendant’s duty to warn exists only where there is a special relationship between the parties, and the danger is foreseeable.” Sims v. General Telephone & Electronics, 107 Nev. 516, 521, 815 P.2d 151, 154 (1991).
 

 Although Wiley asserts various theories of relationship from which Alarmco’s duty to warn could be derived, we conclude that no sufficient relationship exists between Alarmco and Wiley to warrant the imposition of such a duty. The concept of legal duty necessarily reflects considerations of social policy, and we perceive no sound basis for extending the reach of duty to include Alarmco under the circumstances of this case.
 
 See Turpel,
 
 101 Nev. at 39, 692 P.2d at 1292 (1985) (“‘“[I]t should be recognized that ‘duty’ is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection. _” ’ ”) (quoting Clark v. O’Conner, 435 F.2d 104, 106 (D.C. Cir. 1970) (quoting Dean Prosser)). Alarmco calls the police each time a client’s alarm sounds, not unlike any other citizen who calls the police to report a burglary or other social disturbance. Without question, there is at least a germ of relationship between Alarmco and the police department, as Alarmco benefits economically from the police response to its alarms. We nevertheless do not perceive a sound advancement in social policy by imposing a legal duty to warn on Alarmco.
 
 [4]
 
 If we were to recognize such a duty, a reasonable standard of conduct against which a breach of that duty would be judged would arguably embrace a plethora of obligations including awareness, the obligation to become aware, and foreseeability that would adversely impact the ability of alarm companies to provide services at reasonable cost to the public. The burdens associated with imposing such a duty on Alarmco and those similarly situated are obvious and appear to us to be socially undesirable.
 

 
 *1317
 
 We have considered Alarmco’s cross-appeal and all other issues on appeal and conclude that they have been rendered moot, lack merit, or need not be addressed in light of this disposition.
 

 CONCLUSION
 

 For the reasons discussed above, we reverse the summary judgment in favor of Redd and against Wiley, and affirm the summary judgment entered against Wiley and in favor of Alarmco, and remand for further proceedings consistent with this opinion.
 

 [1]
 

 Redd has indicated in his answering brief that Wiley mistakenly filed suit against “W.F. Redd” as appears in the record and in the caption to this appeal. The caption should read “W.S. Redd.”
 

 [2]
 

 Alarmco named W.F. Redd in the cross-claim and W.F. Redd, Marilyn S. Redd (William’s wife), and Bally Gaming, Inc. in the third-party complaint. Bally was named in the third-party complaint on the belief that on the date of Wiley’s injury it was the actual owner of the Redd residence. Bally apparently did not participate in the proceedings below, did not file briefs on appeal and has not otherwise participated in this matter. Where the context applies, “Redd” will hereafter denote all parties against whom relief was sought by Alarmco in its cross-claim and third-party complaint.
 

 [3]
 

 As noted above, the common law firefighter’s rule has been modified by the 1985 enactment of NRS 41.139. NRS 41.139 reads in relevant part:
 

 1. [A] peace officer, fireman or emergency medical attendant may bring and maintain an action for damages for personal injury caused by the willful act of another, or by another’s lack of ordinary care or skill in the management of his property, if the conduct causing the injury:
 

 (a) Occurred after the person who caused the injury knew or should have known of the presence of the peace officer, fireman or emergency medical attendant ....
 

 In
 
 Moody,
 
 we commented, with reference to the legislative history behind NRS 41.139, that the purpose of NRS 41.139 is to limit the application of the common law firefighter’s rule. Apropos to the point, we stated:
 

 
 *1315
 
 An examination of the legislative history of NRS 41.139 leads us to the inescapable conclusion that the statute was intended as a limitation on the firefighter’s rule and not as a codification of the rule.
 

 The legislative hearings . . . indicate that the Legislature specifically contemplated that the rule would continue as set forth in
 
 Steelman.
 
 . . . Rather than expanding the firefighter’s rule to preclude recovery from those occasions where the injury was not related to the public servant’s purpose for being present, NRS 41.139(1) was intended to narrow the firefighter’s rule to permit recovery in instances where recovery was previously precluded. Although not explicitly stated in NRS 41.139(1), the legislative history of the statute clearly indicates the Legislature only intended the statute to apply where the injury was caused by the event giving rise to the public servant’s presence.
 

 Id.
 
 at 325-26, 871 P.2d at 938-39 (citations omitted). The parties to this appeal raise issues pertaining to NRS 41.139; nevertheless, in light of our discussion in
 
 Moody,
 
 these issues are misplaced as NRS 41.139 operates as a statutory limitation only when the common law firefighter’s rule bars recovery, which, as concluded above, is not the case here.
 

 [4]
 

 We nevertheless see propriety in the thought that Alarmco would be well advised to alert law enforcement authorities of hazardous conditions known by Alarmco to exist on their clients’ premises.