[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
CT Page 9843
In his complaint dated June 25, 1997, the plaintiff, James R. Levandoski, alleges the following. The plaintiff is a police officer employed by the Town of East Lyme. On the evening of May 15, 1996, the plaintiff and other police officers responded to a call regarding a noisy gathering at the home of David Baskin. While investigating the incident, the plaintiff observed the defendant, Douglas Cone, conceal contraband in his clothing. The plaintiff ordered the defendant to stop so that he could question him, but the defendant ran away, engaging the plaintiff in a pursuit. The plaintiff pursued the defendant until the plaintiff fell down a steep decline on or near the Baskin property. The plaintiff alleges that the defendant's negligence in leading the plaintiff on the pursuit and failing to warn the plaintiff of the steep decline caused the plaintiff's injuries.
On October 22, 1997 the Town of East Lyme filed an intervening complaint seeking reimbursement of any monies recovered by the plaintiff in this action for amounts the Town has paid or may pay to the plaintiff under the Worker's Compensation Act.
On October 10, 1997, the defendant filed a motion to strike the plaintiff's complaint. The defendant also filed an accompanying memorandum of law in support. On November 6, 1997, the defendant filed a motion to strike the intervening complaint of the Town of East Lyme, relying upon the legal arguments set forth in his memorandum of law filed in support of his motion to strike the plaintiff Levandoski's complaint.
On November 10, 1997, the plaintiff filed a memorandum in opposition to the defendant's motion to strike, to which the defendant filed a reply on January 9, 1998. The Town of East Lyme did not file an opposition to the defendant's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." Dodd v. Middlesex MutualCT Page 9844Assurance Company, 242 Conn. 375, 378, 698, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Faulkner v. United TechnologiesCorp., supra, 240 Conn. 580.
The defendant moves to strike the plaintiff's complaint on the ground that he fails to state a legally sufficient cause of action for negligence since the plaintiff's action is barred by the firefighter's rule (FFR). The plaintiff argues that the FFR only bars an action where a police officer enters upon the land of a defendant in the performance of his official duties, and that an exception to the FFR provides that a police officer injured by the negligence of an independent or interfering third party may bring a negligence action against that party.
Our Supreme Court first addressed the status of a firefighter who is injured on private property while engaged in his official duties in Roberts v. Rosenblatt, 146 Conn. 110, 148 A.2d 142
(1959). There, the court held that a firefighter who was injured on an icy walkway, on property he entered in response to a fire alarm, has a status akin to a licensee.[1]
The Court revisited the FFR in Kaminski v. Fairfield,216 Conn. 29, 578 A.2d 1048 (1990), holding that the trial court properly struck a police officer's counterclaim in light of the FFR. The counterclaim alleged that the parents of a schizophrenic son who attacked the police officer with an axe, when the police officer responded to a request for assistance at the home, were negligent in failing to warn the police officer of their son's potential for violence. The court held that the police officer could not recover for injuries sustained as a result of his presence as a police officer. Id., 38. Discussing policy, the court noted that "[f]undamental concepts of justice prohibit a police officer from complaining of negligence in the creation of the very occasion for his engagement." Id., 38.
In Furstein v. Hill, 218 Conn. 610, 590 A.2d 939 (1991), the Court specifically held that the FFR applies to police officers. In Furnstein, the Court held that a police officer investigating a possible burglary, who was injured when a board in a deck collapsed, was a licensee.[2] Discussing policy considerations, the court stated that, "both police officers and firefighters have a permission created by law to enter upon private property for an appropriate public purpose, even without the consent of the owner; both are hired and trained to confront CT Page 9845 hazards in the execution of their duties; and both are entitled to enhanced workers' compensation benefits for injuries that occur in the line of duty." Id., 620. "The purpose of these professions is to protect the public. . . . [T]he public should not be liable for damages for injuries occurring in the performance of the very function police officers and firefighters are intended to fulfill." Id., 618. Neither our Supreme Court nor our Appellate Court has expanded applicability of the FFR beyond situations involving private premises liability. Likewise, a majority of the trial courts that have addressed the FFR have held that the rule precludes liability only where the firefighter or police officer's injury arises from the official's presence on private property.[3]
This case, however, is unlike those cases in which Connecticut courts have held that the FFR bars a negligence action because, in this case, although the action arises out of a defective condition on private property, the plaintiff does not bring the action against the owner of the property, but, rather, against an independent tortfeasor, present on the property, whose negligence allegedly caused the plaintiff's injuries.
In discussing the application of the FFR in Connecticut, inKaminski v. Fairfield, supra, 216 Conn. 39, our Supreme Court cited with approval cases from New Jersey, Nevada and California. Each of those jurisdictions recognizes an exception to the FFR in situations where an officer is injured by the negligence of an independent tortfeasor. See Berko v. Freda, 459 A.2d 663, 667
(N.J. 1983) (stating that although an officer could not sue an individual who negligently left his keys in his car resulting in its theft which ultimately caused the officer's injuries, the officer could sue the thief since the FFR "simply does not extend to intentional abuse directed specifically at a police officer," and since that person did not summon the police officer for help); Steelman v. Lind, 634 P.2d 666, 668 (Nev. 1981) (stating that whether the negligence which causes the officer's injury is the reason for his or her presence determines whether the FFR bars the officer's negligence action); Walters v. Sloan,571 P.2d 609, 611 (Cal. 1977) (noting that although the purpose of the FFR is to prevent officers from recovering in tort for injuries arising from the very reason for their presence, "[o]ther negligent conduct or willful misconduct may create lability" to the officer).
Trial court have applied similar exceptions to the FFR. See CT Page 9846Bates v. McKeon, 650 F. Sup. 476, 481 (D. Conn. 1986) (holding that a police officer could recover from a defendant who intentionally assaulted the officer while resisting arrest);Apuzzo v. Kobuta, supra, Docket No. 344031 (permitting an officer's negligence action against a defendant who injured the officer while resisting arrest and, in adopting the reasoning inLanza v. Polanin, 581 So.2d 130 (Fla. 1991), stating that the FFR does bar actions against independent third party tortfeasors.
In the present case, the plaintiff alleges that although he was summoned to the home of David Baskin to investigate a noisy gathering, he was injured by the negligence of the defendant Douglas Cone, an intervening tortfeasor. The complaint alleges that although the plaintiff ordered the defendant to "stop" when the plaintiff observed the defendant hide contraband in his clothing, the defendant led the plaintiff in a chase across the Baskin property, thereby causing the plaintiff to fall down a steep decline and suffer injuries. The plaintiff was not summoned to the Baskin home because of the defendant's actions. Nor is this case brought against the owner of the property. Therefore, in accordance with the exceptions to the FFR set forth in case law relied upon by our Supreme Court in Kaminski v. Fairfield,
supra, 216 Conn. 39, the court holds that plaintiff's action is not barred by the FFR.
Accordingly, the defendant's motion to strike the plaintiff's complaint is denied. Likewise, since the defendant moves to strike the intervening complaint of the Town of East Lyme on the same grounds, that motion to strike is also denied.
Koletsky, J.