DENNIS BLAKE BORGERSON, APPELLANT, *v.* PATRICIA SCANLON, INDIVIDUALLY AND DOING BUSINESS AS THE WATER HOLE BAR, RESPONDENT.

No. 33332

March 14, 2001                                    19 P.3d 236

*William Patterson Cashill,* Reno, for Appellant.

*Vannah Costello Canepa Riedy & Rubino* and *Denise M. Cooper,* Las Vegas, for Respondent.

Before SHEARING, AGOSTI and LEAVITT, JJ.

## OPINION

*Per Curiam:*

This case involves an interpretation of the Firefighter's Rule, codified at NRS 41.139, in the context of a district court order granting summary judgment for respondent Patricia Scanlon, both individually and doing business as The Water Hole Bar, in a personal injury action for the injuries appellant Dennis Blake Borgerson sustained while chasing a fleeing suspect. Because we conclude that the district court did not err in granting summary judgment, we affirm the judgment of the district court.

### FACTS

On June 17, 1995, Robert and Patricia Scanlon were holding a family reunion at their family-owned bar, The Water Hole Bar, in Mineral County. Their son, David, arrived at the reunion that afternoon drunk and violent. When David tried to order a drink from Robert and Robert refused, David began yelling and hit a door and a mirror. Robert asked David to leave, which he refused to do. Robert then called 911 to summon the Mineral County Sheriff's Department to the scene to arrest David for disturbing the peace.

Officers Borgerson and Karl Snarr responded to that call. After speaking with Patricia, Robert and David, Borgerson then saw David running across a field behind the bar. Borgerson chased David in order to arrest him and fell while climbing a fence, sustaining leg injuries.

Borgerson filed a complaint against the Scanlons, claiming that they negligently interfered with David's arrest. In support of this contention, Borgerson stated at his deposition that Robert interfered by yelling and insisting that David be arrested, thereby creating a disturbance that allowed David to escape. Borgerson also stated that Patricia interfered by both insisting David not be arrested and counseling David to flee when she was in an adjacent trailer with him. The basis for this allegation was Patricia's statement during her deposition that she told David in the trailer:

"David, he wants you off the property, look at you, you're drunk." Snarr stated at his deposition that he did not hear Patricia say anything to David. Borgerson did not provide any other support for his allegations at his deposition.

Patricia and Robert moved for summary judgment on the basis that the Firefighter's Rule precluded Borgerson's recovery since he sustained his injury in the course and scope of his official duties. The district court granted the Scanlons' motion for summary judgment, concluding that there was no evidence that either Patricia or Robert instigated David's flight.

In addition, Patricia filed a motion for costs pursuant to NRS 18.005 and 18.050. Borgerson filed a motion to retax costs, claiming that many of Patricia's costs were unreasonable and unverified. The district court reduced some costs, denied some costs, and ultimately awarded $14,209.26 to Patricia. This appeal followed.

## DISCUSSION

Borgerson's main contention is that the district court erred by granting summary judgment because there are material disputes of fact as to whether Patricia and Robert negligently interfered with a lawful detention. Because such interference would constitute an independent act outside the scope of Borgerson's official duties, he contends the Firefighter's Rule, as codified in NRS 41.139,[1] would not preclude his recovery.

On appeal, we review orders of summary judgment de novo and consider the record in the light most favorable to the non-prevailing party.[2] Summary judgment is appropriate when the record,

---

[1]NRS 41.139 provides in pertinent part:

1. Except as otherwise provided in subsection 2, a peace officer, fireman or emergency medical attendant may bring and maintain an action for damages for personal injury caused by the willful act of another, or by another's lack of ordinary care or skill in the management of his property, if the conduct causing the injury:

(a) Occurred after the person who caused the injury knew or should have known of the presence of the peace officer, fireman or emergency medical attendant;

(b) Was intended to injure the peace officer, fireman or emergency medical attendant;

(c) Violated a statute, ordinance or regulation:

(1) Intended to protect the peace officer, fireman or emergency medical attendant; or

(2) Prohibiting resistance to or requiring compliance with an order of a peace officer or fire fighter; or

(d) Was arson.

[2]*Auckenthaler v. Grundmeyer,* 110 Nev. 682, 684, 877 P.2d 1039, 1040 (1994).

viewed in the light most favorable to the non-moving party, indicates there is no genuine issue of material fact and the party is entitled to judgment as a matter of law.[3] If a reasonable jury could find for the non-moving party, summary judgment is inappropriate.[4] Furthermore, a district court cannot make findings concerning the credibility of witnesses or weight of evidence in order to resolve a motion for summary judgment.[5]

At common law, the Firefighter's Rule bars a public safety officer from recovering damages in a negligence action for injuries received as a result of a risk occurring within the scope of his official duties.[6] "Such officers, in accepting the salary and fringe benefits offered for the job, assume all normal risks inherent in the employment as a matter of law and thus may not recover from one who negligently creates such a risk."[7]

Its legislative history reveals that NRS 41.139 limits[8] the common law rule's bar against recovery to instances where the negligent act complained of is the same act which requires that peace officer's presence at the scene.[9] The statute itself was meant "to narrow the firefighter's rule to allow recovery by public servants where recovery was not previously allowed."[10] Moreover, we determined in *Moody v. Manny's Auto Repair* that this rule does not preclude an officer from seeking recovery when the negligent act which caused his injury is unforeseeable or is an independent and intervening act.[11] We have also determined that actions which constitute an independent act include: (1) a third party independently erecting a barrier in a driveway, causing an accident during a traffic stop;[12] and (2) a third party's failure to warn the police

[3]NRCP 56(c); *see Butler v. Bogdanovich,* 101 Nev. 449, 451, 705 P.2d 662, 663 (1985).

[4]*Oehler v. Humana, Inc.,* 105 Nev. 348, 350, 775 P.2d 1271, 1272 (1989).

[5]*Hidden Wells Ranch v. Strip Realty,* 83 Nev. 143, 145, 425 P.2d 599, 601 (1967).

[6]*See Steelman v. Lind,* 97 Nev. 425, 427, 634 P.2d 666, 667 (1981), *superceded by statute as explained in Wiley v. Redd,* 110 Nev. 1310, 885 P.2d 592 (1994).

[7]*Id.* at 427-28, 634 P.2d at 667.

[8]This statute was intended to limit the common law Firefighter's Rule and not to be a statement of the rule in its entirety. *Moody v. Manny's Auto Repair,* 110 Nev. 320, 325, 871 P.2d 935, 938 (1994), *superceded by statute as explained in Wiley v. Redd,* 110 Nev. 1310, 885 P.2d 592 (1994).

[9]*See Moody,* 110 Nev. at 328, 871 P.2d at 940.

[10]*Id.*

[11]*Id.* at 324, 871 P.2d at 938.

[12]*Id.* at 328, 871 P.2d at 940.

that vicious dogs were on his property when the police responded to an alarm.[13]

Upon our review of the record, we conclude that the district court correctly determined that there was no evidence supporting Borgerson's contention that Patricia and Robert in any way negligently interfered with David's arrest. Moreover, pursuing a suspect is a reasonable extension of an officer's official duties when responding to a 911 call. A police officer may reasonably expect that a suspect may attempt to flee, particularly when that person is intoxicated, violent and left unattended. We agree, therefore, with the district court that on the basis of the undisputed evidence, the Firefighter's Rule bars Borgerson's tort claim.

Borgerson also argues that Patricia is vicariously liable for David's acts because of her duty under the parent-child relationship. This court has only recognized the vicarious liability of a parent for a child's acts in cases of motor vehicle ownership[14] or negligent entrustment of motor vehicles[15] when the child is a minor. Furthermore, there is no evidence that Patricia had any modicum of control over her twenty-nine-year-old son.

Borgerson next argues that the district court abused its discretion by awarding unreasonable costs to Patricia. We disagree. This court strictly construes statutes awarding costs, and we review a district court's award of costs for abuse of discretion.[16] Moreover, "[w]hen evidence on which a district court's judgment rests is not properly included in the record on appeal, it is assumed that the record supports the lower court's findings."[17] Because neither party submitted documentation for costs in the record on appeal, we affirm the district court's award of costs.

## CONCLUSION

Because we conclude that there is no evidence that Patricia or Robert negligently interfered with David's arrest and that a suspect's flight is a reasonable and foreseeable component of a peace

[13]*Wiley v. Redd,* 110 Nev. 1310, 1314, 885 P.2d 592, 595 (1994).

[14]NRS 41.440; *see also Barr v. Gaines,* 103 Nev. 548, 746 P.2d 634 (1987).

[15]*See Zugel v. Miller,* 100 Nev. 525, 688 P.2d 310 (1984).

[16]*Bergmann v. Boyce,* 109 Nev. 670, 679, 856 P.2d 560, 566 (1993).

[17]*Raishbrook v. Estate of Bayley,* 90 Nev. 415, 416, 528 P.2d 1331, 1331 (1974).

officer's official duties, we affirm the district court's order granting summary judgment. Noting no abuse of discretion, we also affirm the district court's order denying Borgerson's motion to retax costs.