NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JOSEPH PEREZ, | ) | No. 09-17836 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 2:08-cv-01356-RCJ-LRL |
| | ) | |
| v. | ) | **MEMORANDUM**<sup>*</sup> |
| | ) | |
| UNITED STATES PROBATION | ) | |
| OFFICE; UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants – Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted April 13, 2011<sup>**</sup>
San Francisco, California

---

<sup>*</sup>This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

<sup>**</sup>The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Before:     FERNANDEZ, RAWLINSON, Circuit Judges, and WELLS,[***] District Judge.

Joseph Perez appeals the district court's dismissal of his complaint. See Fed. R. Civ. P. 12(b)(6). We affirm.

Perez filed his complaint pursuant to the provisions of the Federal Tort Claims Act,[1] which required him to allege claims upon which relief could be granted to a private person under the law of the State of Nevada.[2] He did not do so.

Perez claims that his former employer, the United States Probation Office, committed the tort of negligent supervision when its employees responded to requests for information from prospective employers. However, he could not spell out a negligence claim unless he could point to a duty not to disclose under Nevada law. See Wiley v. Redd, 885 P.2d 592, 595 (Nev. 1994); see also Vinci v. Las

_____

[***]The Honorable Lesley Wells, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

[1]See 28 U.S.C. §§ 1346(b), 2671–80.

[2]See 28 U.S.C. § 2674; Green v. United States, 630 F.3d 1245, 1249 (9th Cir. 2011); Delta Sav. Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001). Although detailed allegations are not required, the complaint did have to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

2

Vegas Sands, Inc., 984 P.2d 750, 751 (Nev. 1999). He has not pointed to any Nevada statutory or common law which imposes a duty upon former employers to refrain from responding to requests for information from prospective employers. Nor is there any reason to suppose that any such duty exists. See Circus Circus Hotels, Inc. v. Witherspoon, 657 P.2d 101, 105 & n.3 (Nev. 1983) (noting the privilege to respond to employment queries).

Perez also claims that the release of the information constituted intentional infliction of emotional distress. But to support that claim under Nevada law he had to allege, among other things, "extreme and outrageous conduct" and "severe or extreme emotional distress." Barmettler v. Reno Air, Inc., 956 P.2d 1382, 1386 (Nev. 1998); see also Restatement (Second) of Torts § 46 cmt. d (1965). He did not plausibly allege either of those elements. See, e.g., Candelore v. Clark Cnty. Sanitation Dist., 975 F.2d 588, 590, 591 (9th Cir. 1992); Barmettler, 956 P.2d at 1384, 1386; Maduike v. Agency Rent-A-Car, 953 P.2d 24, 26 (Nev. 1998).

The district court did not abuse its discretion when, after previously giving Perez leave to amend, it determined that granting him further leave to amend would not cure the pleading defects. See Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010); Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009); Newland v. Dalton, 81 F.3d 904, 907 (9th Cir. 1996).

AFFIRMED.

3