KITCHENS, Justice,
dissenting.
¶ 18. Hypothetically, two young men drown in an apartment pool lacking standard, nationally recognized safety equipment and practices. Their drowning reasonably could have been foreseen by a pool owner lacking such equipment and not adhering to such practices. One of the young men lived in the apartment complex in which the pool was located. The other was visiting a relative who was a resident of the complex, but who did not accompany him to the pool. Both suffer the same foreseeable injury, and. both suffer such injury due to the same lack of reasonable care on the part of the owner. However, due to a strict legal classification of entrants onto a landowner’s property, the estate and wrongful death beneficiaries of the youth who lived in the complex are permitted to sue the owner of the property, while those of the visiting youth are not, regardless of whether the pool was negligently maintained. This is the nonsensical effect of a strict devotion to a system of tort liability based on the classifications of invitees, licensees, and trespassers. I respectfully dissent because I believe that defining liability based on these classifications produces unjust results, and that this Court should adopt a unitary duty of reasonable care for land possessors regardless of an entrant’s classification.
¶ 19. Historically, the duty of care that a landowner owed was different depending on the status of various categories of entrants onto the land. Restatement (Third) of Torts: Physical and Emotional Harm § 51 (2012). The United States Supreme Court noted this when it held that there were no licensee-invitee distinctions in maritime cases. Kermarec v. Compagnie *616 Generate Transatlantique, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959) (“The distinctions which the common law draws between licensee and invitee were inherited from a culture deeply rooted to the land, a culture which traced many of its standards to a heritage of feudalism.”). When these different duties were being developed, “no general duty of care existed, and duties were based on relationships or specific activities.” Restatement (Third) of Torts: Physical and Emotional Harm at § 51. These distinctions were relevant when they were developed because basic negligence law at the time imposed duties based only upon relationships, and not upon any general standard of care. Id. However, as the law of negligence evolved, jurisdictions began to acknowledge that such distinctions were “not in harmony with modern tort law.” Id. Fifty-four years ago, the United States Supreme Court recognized that “the common law has moved, unevenly and with hesitation, towards imposing on owners and occupiers a single duty of reasonable care in all the circumstances.” Kermarec, 358 U.S. at 631, 79 S.Ct. 406 (citation omitted).
¶ 20. The distinction between invitees, licensees, and trespassers is a product of the common law adopted by this Court. See Payne v. Rain Forest Nurseries Inc., 540 So.2d 35, 37 (Miss.1989) (“Mississippi continues to adhere to the common law distinctions between the status of parties coming upon the property of another[.]”) (emphasis added) (citing Lucas v. B. Jones Ford Lincoln Mercury, 518 So.2d 646, 648 (Miss.1988); Adams v. Fred’s Dollar Store, 497 So.2d 1097, 1102 (Miss.1986)). However, this Court has considered the wisdom of adopting a single duty of reasonable care. In 1970, Justice Inzer, writing for a majority of the Court, thought it was a matter that at least should be considered.
It is the thinking of this writer, but not necessarily that of the Court, that this area of law merits further study in the light of present day conditions and it may well be that this Court will in the future abandon the traditional distinctions between trespassers, licensees and invitees, or at least draw a distinction between active and passive negligence insofar as a licensee is concerned.
Astleford v. Milner Enters., Inc., 233 So.2d 524, 526 (Miss.1970). In 1998, this Court came within a single vote of eradicating the distinction between invitees and licensees. See Little by Little v. Bell, 719 So.2d 757 (Miss.1998). The dissent noted that several U.S. jurisdictions had established a unitary duty of reasonable care by landowners and had totally abolished the distinction between invitees, licensees, and trespassers. Id. at 766 (McRae, J., dissenting). Today these include Alaska,[1] California,[2] the District of Columbia,[3] Hawaii,[4] Louisiana,[5] Montana,[6] Nevada,[7] New Hampshire,[8] and New *617 York.[9] Several jurisdictions similarly have abolished the distinction between invitees and licensees, including Florida,[10] Illinois,[11] Iowa,[12] Kansas,[13] Maine,[14] Massachusetts,[15] Minnesota,[16] Nebraska,[17] New Mexico,[18] North Carolina,[19] North Dakota,[20] Oregon,[21] Rhode Island,[22] Tennessee,[23] West Virginia,[24] Wisconsin,[25] and Wyoming.[26]
¶ 21. What is most convincing, in my mind, is not the growing number of states that are adopting a unitary standard of care, but the inescapable logic that the adoption of such a standard is efficient and beneficial to the administration of justice. Rather than maintaining rigidly segmented duties owed by a landowner based upon the classification of the entrant onto the premises, Mississippi should impose a general duty of reasonable care to protect persons from foreseeable injuries on a landowner’s property. This would place us firmly in line with modern tort law that generally requires persons to exercise reasonable care to prevent or avoid reasonably foreseeable harm. It also simplifies the “semantic morass” that has developed as the distinctions between invitee, licensee, and trespasser have evolved. See Kermarec, 358 U.S. at 631, 79 S.Ct. 406. This confusion is apparent in the case before us. Both the trial court and the Court of Appeals found, as a matter of law, that Ricco Handy was an invitee. The majority finds that both are incorrect, and that Ricco was not an invitee or a licensee, but a trespasser. Apt and able legal minds have considered Ricco’s status, and have arrived at conclusions that are on opposite ends of the spectrum.
¶ 22. Rather than analyzing the category to which a particular person belongs, courts and juries, simply and directly, should analyze whether the landowner’s conduct was reasonable, and whether the *618 plaintiffs injuries were reasonably foreseeable. As the dissent noted in Little, 719 So.2d at 767, the traditional classifications “undermine the jury function ... because liability is mostly dependent on the entrant’s status rather than the jury’s evaluation of the landowner’s conduct.” Instead, “recovery by an entrant has become largely a matter of chance, dependent upon the pigeonhole in which the law has put him.” Heins, 552 N.W.2d at 56. This “pigeonholing” inevitably leads to illogical results. Ricco Handy and a resident of the Bellevue Place Apartments could have drowned right next to each other. Both could have drowned due to the landlord’s negligence. Our law permits only the estate and/or statutory beneficiaries of the resident to recover damages for that negligence. Such a result is neither rational nor just.
¶ 23. Imposing upon landowners and possessors a reasonable duty of care to persons on their property is not a novel concept. Jurors have long weighed defendants’ reasonableness in light of the surrounding circumstances in negligence cases, and this Court has defined reasonable care in numerous opinions.
Requisite care remains always that degree of care commensurate with appreciable danger appraised in terms of ordinary prudence and interpreted in the light of the attendant circumstances.... Although the expression and the basis of the rule remain fixed, its flexibility permits accommodation to each particular case. The area of factual doubt with which juries should be allowed to function is circumscribed within a circle of which care is the axis and reasonableness is the radius.
Supreme Instruments Corp. v. Lehr, 190 Miss. 600, 1 So.2d 242, 245 (Miss.1941); see generally Jackson & Miller, 6 Mississippi Practice Series § 52:16 (2001). Foreseeability always has been the cornerstone of negligence jurisprudence in this state. “The reasonable man, then, to whose ideal behavior we are to look as the standard of duty, will neither neglect what he can forecast as probable, nor waste his anxiety on events that are barely possible.” Mauney v. Gulf Refining Co., 193 Miss. 421, 9 So.2d 780, 781 (Miss.1942). Asking a fact-finder to determine whether a defendant’s conduct was reasonable in light of the circumstances is a fundamental part of the law of negligence in Mississippi. I can imagine no reason why it would be problematic or unfair to have jurors determine whether a landowner’s conduct was reasonable under the relevant facts and circumstances before them.
¶ 24. Requiring a general standard of reasonable care, regardless of an entrant’s status, imposes no extra duty on landowners. Regardless of what a plaintiffs classification is, a defendant landowner still is required to exercise reasonable care to protect against reasonably foreseeable perils to persons. Whether the classification is in place or not, a landowner still must conform to the same level of care. Additionally, since foreseeability is an integral component in the determination of whether a landowner exercised reasonable care, unforeseeable injuries would impose no liability upon the landowner. If a defendant’s “conduct was reasonable in the light of what he could anticipate, there is no negligence and no liability.” Reaves v. Wiggs, 192 So.2d 401, 403 (Miss.1966). “[T]he failure of a land possessor to act to protect a trespasser when there is no foreseeable risk is not negligence.” Restatement (Third) of Torts: Physical and Emotional Harm at § 51 cmt.j. Accordingly, a landowner could never be liable for injuries to an unforeseeable plaintiff who suffered an unforeseeable injury. It is important to *619 note that Mississippi is a comparative negligence state. Miss.Code Ann. § 11— 7-15 (Rev.2004). Juries are instructed, when applicable, to weigh and assess a plaintiffs own negligence in causing his own injuries, and reduce his damages award accordingly. This is a safeguard against landowner liability for unpredictable and risky behavior on the part of the plaintiff.
¶ 25. The Restatement offers another safeguard for liability by classifying one group of entrants as “flagrant trespassers.” Restatement (Third) of Torts: Physical and Emotional Harm at § 52. This covers trespassers whose “presence on another’s land is so antithetical to the rights of the land possessor ... that the land possessor should not be subject to liability for failing to exercise the ordinary duty of reasonable care otherwise owed to them as entrants on the land.” Id. To these egregious trespassers, a landowner would owe only the duty to refrain from willfully and wantonly causing them injury. This extreme classification of trespassers effectively would safeguard against liability to criminal interlopers injured on the premises. Such a classification should continue to be available should the facts of a case warrant it.
¶ 26. I note that the traditional procedural safeguards of summary judgment would continue to serve an important role in the suppression of frivolous claims. If a plaintiff is unable to make a prima facie case for each essential element of a negligence claim, then summary judgment for the defendant would be appropriate. A plaintiff in a negligence action would still have to prove, by a preponderance of the evidence, the indispensable elements of duty, breach, causation, and damages. The jury would weigh the facts and evidence and reach a verdict. This is neither rocket science, nor is it revolutionary.
¶ 27. Turning to the instant facts, under our current law, Ricco Handy is labeled a trespasser on the occasion of his untimely death in the pool of the Bellevue Place Apartments. Thus, his estate and wrongful death beneficiaries are barred from bringing an action for damages. Had he resided in the complex and drowned in precisely the same way for the same reason and in the same pool, his estate and beneficiaries would be permitted to bring and maintain a civil action on account of his status as an invitee to whom Nejam owed a duty of reasonable care. Under a unitary duty-of-reasonable-care standard, assuming that the plaintiff could make a prima facie showing of every material element of the negligence claim, the case would be permitted to proceed to trial, regardless of Ricco’s status in relation to the property. Then, a jury would determine whether Nejam had exercised reasonable care in ameliorating the foreseeable risk of someone’s accidentally drowning in the pool at his Bellevue Place Apartments. It also would consider Ricco Handy’s comparative negligence for entering the pool and his being unable to swim. I offer no opinion on the likelihood of success of such a claim at trial; but I believe the facts are such that a trial is warranted. The duty of reasonable care should not be avoided simply because of the antiquated legal classification of someone’s deceased child.
¶ 28. In sum, the classifications of invitee, licensee, and trespasser are outdated and out of sync with our current negligence jurisprudence. Landowners and others in control of real estate should exercise reasonable care to assess and attend to unreasonably dangerous conditions on their property. In determining a landowner’s reasonableness, or the lack thereof, the fact finder must consider the foreseeability of the harm created by the condi *620 tion of the property, the magnitude of any foreseeable harm, the benefit of the condition, the burden of protecting against any foreseeable harm, and the comparative negligence, if any, of the plaintiff in bringing about the injury. This imposes no new burden on landowners and brings the law of premises liability squarely in line with our current negligence law. Mississippi should join the expanding number of jurisdictions that have adopted a unitary duty of care for land possessors. Under this regime, the estate and statutory beneficiaries of Ricco Handy likely would be permitted to bring their case before a jury. Because I find that, under the facts presented, they should be permitted to do so, and that a unitary standard of reasonable care upon all landowners advances the cause of justice and judicial efficiency, I respectfully dissent.
KING, J., JOINS THIS OPINION.

. Newton v. Magill, 872 P.2d 1213, 1217 (Alaska 1994).

. Alcaraz v. Vece, 14 Cal.4th 1149, 60 Cal.Rptr.2d 448, 929 P.2d 1239, 1249 (1997).

. Smith v. Arbaugh’s Rest., Inc., 469 F.2d 97, 105 (D.C.Cir.1972).

. Doe v. Grosvenor Props. (Hawaii) Ltd., 73 Haw. 158, 829 P.2d 512, 515 (1992).

. Cates v. Beauregard Elec. Co-op., Inc., 328 So.2d 367, 371 (La.1976).

. Limberhand v. Big Ditch Co., 218 Mont. 132, 706 P.2d 491, 496 (1985).

. Wiley v. Redd, 110 Nev. 1310, 885 P.2d 592, 596 (1994).

. Ouellette v. Blanchard, 116 N.H. 552, 364 A.2d 631, 634 (1976).

. Basso v. Miller, 40 N.Y.2d 233, 386 N.Y.S.2d 564, 352 N.E.2d 868, 872 (1976).

. Wood v. Camp, 284 So.2d 691, 695 (Fla.1973).

. Premises Liability Act, 740 Ill. Comp. Stat. 130/2 (West 2010).

. Koenig v. Koenig, 766 N.W.2d 635, 643 (Iowa 2009).

. Jones v. Hansen, 254 Kan. 499, 867 P.2d 303, 310 (1994).

. Poulin v. Colby College, 402 A.2d 846, 850-51 (Me.1979).

. Mounsey v. Ellard, 363 Mass. 693, 297 N.E.2d 43, 51-52 (1973).

. Peterson v. Balach, 294 Minn. 161, 199 N.W.2d 639, 642 (1972).

. Heins v. Webster County, 250 Neb. 750, 552 N.W.2d 51, 56-57 (1996).

. Ford v. Board of County Comm'rs of County of Dona Ana, 118 N.M. 134, 879 P.2d 766, 769 (1994).

. Nelson v. Freeland, 349 N.C. 615, 507 S.E.2d 882, 892-93 (1998).

. O’Leary v. Coenen, 251 N.W.2d 746, 751 (1977).

. Ragnone v. Portland Sch. Dist. No. 1J, 291 Or. 617, 633 P.2d 1287, 1291 (1981) (imposing duty of care on all those lawfully on the land).

. Tantimonico v. Allendale Mut. Ins. Co., 637 A.2d 1056, 1061-62 (R.I.1994).

. Hudson v. Gaitan, 675 S.W.2d 699, 703 (Tenn.1984), abrogated on other grounds by McIntyre v. Balentine, 833 S.W.2d 52 (Tenn.1992).

. Mallet v. Pickens, 206 W.Va. 145, 522 S.E.2d 436, 446 (1999).

. Antoniewicz v. Reszcynski, 70 Wis.2d 836, 236 N.W.2d 1, 11 (1975).

. Clarke v. Beckwith, 858 P.2d 293, 294 (Wyo.1993).