NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARY KAY BECKMAN,

Plaintiff-Appellant,

v.

MATCH.COM, LLC,

Defendant-Appellee.

No. 17-16043

DC No. CV 13-0097 JCM NJK

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 11, 2018
San Francisco, California

Before:    TASHIMA and MURGUIA, Circuit Judges, and CHATIGNY,**
District Judge.

Mary Kay Beckman appeals the district court's order dismissing her

amended complaint against Match.com ("Match").  We have jurisdiction under 28

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The Honorable Robert N. Chatigny, United States District Judge for
the District of Connecticut, sitting by designation.

U.S.C. § 1291, and we review de novo a dismissal under Rule 12(b)(6). *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). We affirm.

The district court properly concluded that Beckman failed to state a negligence claim for failure to warn under Nevada law. Beckman's amended complaint asserts that Match was negligent by failing to warn her that another user, with whom the dating website matched her and who later viciously attacked Beckman, was dangerous. However, Nevada law provides that one party has no duty to warn another party unless there is a "special relationship" between the parties. *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1281 (Nev. 2009) (holding that no special relationship existed between a pharmacy and third parties harmed by the pharmacy's patients). Nevada courts have never recognized a special relationship akin to that between Beckman and Match, *cf. Scialabba v. Brandise Const. Co.*, 921 P.2d 928, 930 (Nev. 1996) (noting that special relationships have been found in cases of "landowner-invitee, businessman-patron, employer-employee, school district-pupil, hospital-patient, and carrier-passenger"), and Beckman failed to allege facts sufficient to show that her ability to provide for her own protection was limited by her "submission to the control of the other" such that a special relationship should be found here, *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 255 P.3d 238, 244–45 (Nev. 2011) (quoting

2

*Scialabba*, 921 P.2d at 930); *see also Wiley v. Redd*, 885 P.2d 592, 596 (Nev. 1994) (holding that no special relationship existed between an alarm company and the police department the company alerted). Because Beckman failed sufficiently to allege a special relationship between her and Match, there was no duty to warn under Nevada law; therefore, her negligence claim fails.

Accordingly, the district court's dismissal of Beckman's amended complaint is

**AFFIRMED.**