**Donald L. FLETCHER, Appellant,**

v.

**ILLINOIS CENTRAL GULF
RAILROAD COMPANY,**
**Appellee.**

Court of Appeals of Kentucky.

Feb. 10, 1984.

Discretionary Review Denied
May 24, 1984.

Kent Overton Sublett, Bardstown, for appellant.

James G. Apple, Rebecca F. Schupbach, Louisville, for appellee.

Before GUDGEL, HOWERTON and WILHOIT, JJ.

GUDGEL, Judge:

The issue in this appeal is whether the rule adopted in *Buren v. Midwest Industries, Inc.,* Ky., 380 S.W.2d 96 (1964), known as the "fireman's rule," applies to and bars a negligence action filed by a state trooper against a railroad in connection with a train derailment. The court below adjudged that it did and granted the railroad's motion for summary judgment. A review of the relevant authorities convinces us that the trial court's ruling is correct. Therefore, we affirm.

On July 26, 1980, several freight train cars derailed near Muldraugh, allegedly due to negligence on the appellee railroad's

part. A few of the derailed cars were tank cars which contained vinyl chloride. This chemical gives off toxic fumes when it is released into the atmosphere. Three derailed tank cars were punctured, and considerable vinyl chloride escaped. Appellant, a state trooper, was called to the area of the derailment to assist in evacuating the residents of Muldraugh. He was on duty in the area for several days and apparently inhaled vinyl chloride fumes. As a result, he sustained serious personal injuries.

Appellant filed this negligence action against appellee on July 23, 1981. He sought compensatory and punitive damages. Appellee filed an answer and then a motion for summary judgment. The court granted the summary judgment motion on February 17, 1983. This appeal followed.

■ First, appellant argues that genuine issues of material fact existed which precluded the court from granting a summary judgment. We disagree. Appellee argued before the trial court that the "fireman's rule" adopted in *Buren v. Midwest Industries, Inc., supra,* is an absolute bar to this action. This issue was obviously one of law for the court to resolve. Hence, the issue was appropriately disposed of on appellee's motion for summary judgment.

■ Next, appellant contends that the court erred in applying the "fireman's rule" because he is a police officer. We disagree. Our highest court has never had occasion in a published opinion to resolve the issue of whether our "fireman's rule" applies to police officers. Other jurisdictions which adhere to the rule, however, do apply it to police officers. *See Annot.,* 86 A.L.R.2d 1205 (1962). Moreover, the public policy considerations expressed in *Buren, supra,* which motivated our court to adopt the "fireman's rule" in the first place also apply to police officers. Thus, there is simply no valid basis for us to conclude that the "fireman's rule" does not apply to police officers. Hence, we decline to do so.

Next, appellant argues that the public policy considerations which prompted our court to adopt the "fireman's rule" are illogical and invalid. We disagree. Our highest court succinctly summarized the "fireman's rule" in *Buren, supra,* as follows:

> Suffice it to say that as a general rule the owner or occupant is not liable for having negligently created the condition necessitating the fireman's presence (that is, the fire itself), but may be liable for failure to warn of unusual or hidden hazards, for actively negligent conduct and, in some jurisdictions, for statutory violations "creating undue risks of injury beyond those inevitably involved in fire fighting."

The public policy considerations which motivated our court to adopt the rule are summarized in the following paragraph from its opinion:

> It is our opinion that the principle of assumed risk is applicable, at least in spirit if the label be considered in some respects inappropriate. That the fireman is duty bound to assume the risk because he is being paid to do so does not make it any the less voluntary. Except for unusual hazards known to the property owner or occupant but unknown to him, the trained fire fighter is equally cognizant of and better able to evaluate the unpredictable dangers involved. When he arrives on the scene the field is his. The owner has no power to direct or control his actions. He may not order him to stay outside, or to stay off the roof, or to wear a gas mask, or to limit his actions to shooting water into the building from a safe position outside. To hold the owner responsible while denying him any right or discretion to say what the fireman shall or shall not do would not consist with what this court believes to be the fundamental law of liability by reason of negligence. Having bound his hands, the law cannot justly inflict upon him the consequences of what he might otherwise have been able to prevent. *See Suttie v. Sun Oil Co.,* 15 Pa.Dist. & Co.R. 3. Nor can a jury be permitted to do so. It is not fairly a question of fact, and this is true whether the claim is

based on common law or statutory negligence.

Thus, in *Buren*, our court refused to permit owners of property to be held liable for their negligent failure to comply with applicable fire safety ordinances. This failure had caused a fire on their property to spread more rapidly than otherwise would have been the case, thereby proximately causing the deaths of several firemen.

■ In the case at bar, the same public policy considerations expressed in *Buren* dictate that appellant be denied a recovery for damages for any negligence of appellee which caused its train to derail and the contents of its tank cars to escape and injure him. As a police officer, appellant was expected to assist in the evacuation of the residents of Muldraugh who were threatened by toxic fumes escaping from appellee's tank cars and to be on duty in the dangerous area to prevent other persons from entering it. Thus, like the firemen in *Buren*, by accepting employment as a police officer he must be deemed to have assumed the personal risk inherent in dealing with the emergency which necessitated his presence.

■ Moreover, contrary to appellant's contention, the fact that he was not injured on appellee's property is of no significance. Although the "fireman's rule" historically developed as an exception to the common law liability of owners and occupiers of property for negligently failing to keep the premises in a reasonably safe condition, our court did not base its decision in *Buren* on common law principles of premises liability. Rather, the decision was based on public policy considerations. Thus, the *Buren* rule applies to any injuries sustained by firemen and police officers even if they are sustained on premises other than those owned or occupied by the defendant.

■ Other courts which have considered this issue hold a similar view. In *Wilson v. Florida Processing Company*, 368 So.2d 609 (Fla.App.1979), and *Whitten v. Miami-Dade Water & Sewer Authority*, 357 So.2d 430 (Fla.App.1978), chlorine gas leaking from the defendants' plants was inhaled by and injured police officers on adjacent property who were helping to evacuate nearby residents. In *Steelman v. Lind*, 97 Nev. 425, 634 P.2d 666 (1981), an officer was sitting on the highway in his vehicle warning approaching motorists of a beehive spill which had been negligently caused by the defendant when the officer was struck in the rear by a truck. In these cases, the courts denied a recovery against the defendant who negligently created the unreasonable risk of harm on the theory that the injuries sustained by the police officers were a normal risk inherent in their employment as such which they must be deemed to have assumed as a matter of law when they accepted employment. Similar reasoning is embodied in our court's decision in *Buren*. Therefore, we fail to perceive that there is any significance in the fact that appellant was not injured on appellee's property. As we view the matter, the law in this jurisdiction, as enunciated in *Buren*, is that policemen, as well as firemen, must be deemed to assume all normal risks inherent in their employment. Thus, they cannot recover damages for injuries sustained when they are exposed to an unreasonable risk of harm negligently created by a party if the unreasonable risk itself is the reason they are present.

We note, however, that our decision should not be construed to mean that policemen and firemen are precluded from recovering for any injury incurred in the performance of their duties. On the contrary, our decision is limited in scope. It applies only to those situations where officers in the performance of their duties are required to subject themselves to an unreasonable risk of harm negligently created by a party and are injured. In such instances, they may not maintain a negligence action against the party who created the risk to recover damages for any injuries they may have sustained as a result of their exposure to that particular risk.

Next, appellant argues that we should abandon the "fireman's rule." As an intermediate appellate court, however, we are not free to ignore an existing precedent

which adopted the rule. SCR 1.030(8)(a). Moreover, appellant's argument ignores our court's express refusal in *Buren* to follow *Dini v. Naiditch*, 20 Ill.2d 406, 170 N.E.2d 881 (1960), the leading case which adopted the minority view abolishing the rule.

Appellant's final contention that this case fits within one or more of the exceptions to the "fireman's rule" set forth in *Buren* is unsupported by any evidence in the record.

The court's summary judgment is affirmed.

All concur.