**Phillip SALLEE and Lexington–Fayette Urban County Government, Movants,**

v.

**GTE SOUTH, INC. and Triple D. Communications, Respondents.**

**No. 91–SC–971–DG.**

Supreme Court of Kentucky.

Oct. 22, 1992.

Paul F. Guthrie, Margaret Kannensohn, Lexington, for movant, Sallee.

Barbara Ann Kriz, Lexington, for movant, Lexington–Fayette Urban Gov't.

Benjamin P. Hicks, Lexington, for respondents.

LEIBSON, Justice.

This case requires us to revisit the parameters of the so-called "Fireman's Rule" (henceforth, Firefighter's Rule) as articulated in *Buren v. Midwest Indus., Inc.,* Ky., 380 S.W.2d 96 (1964) and *Hawkins v. Sunmark Indus., Inc.,* Ky., 727 S.W.2d 397 (1986).

Movant, Phillip Sallee, a paramedic for the Lexington–Fayette Urban County Government Fire Department, seeks damages for injuries sustained during the course of his employment, allegedly caused by the respondents' negligence.[1]

In the early morning hours of January 23, 1990, Sallee and two other paramedics responded to a call to come to Water Street in Lexington to treat and transport an assault victim. The respondents had been involved in laying underground cable on Water Street near the premises where the assault victim was down. In doing their construction work the respondents had dug a trench which they had then refilled about two inches or so less than necessary to be level with the street's surface. In departing the ambulance Sallee tripped over the offset and severely twisted his ankle.

The trial court ruled Sallee's claim was barred by the Firefighter's Rule, and granted summary judgment for the respondents. The Court of Appeals affirmed, and we granted discretionary review.

Movant contends that the Firefighter's Rule does not apply here because there is no direct causal relationship between the performance of his duties as a paramedic and the source of his injury, the alleged defect in the street which caused him to trip on his way to the side of the assault victim. Movant argues that the Firefighter's Rule is not a general rule barring firefighters and police officers whenever negligently injured in the course of their duties, but a limited public policy exception to the general rule that we are all liable to those whom we negligently injure, an exception that reaches no further than the policy it serves and thus does not reach to this case. Movant acknowledges that the street was under construction, albeit not closed to traffic, and that issues of negligence and contributory negligence remain unresolved. Movant's position is his status as a firefighter is no reason, per se, to bar his right of recovery. For reasons which we will discuss, we agree with the movant on the issue presented.

1. The Lexington–Fayette Urban County Government intervened because it paid Sallee workers'

In *Gas Serv. Co., Inc. v. City of London*, Ky., 687 S.W.2d 144, 148 (1985), we said:

"The duty to exercise ordinary care commensurate with the circumstances is a standard of conduct that does not turn on and off depending on who is negligent."

Much less so does it "turn on and off" depending on who is injured. The Firefighter's Rule is a "common law rule of longstanding," judicially created as a "public policy" exception to the liability for negligence which might otherwise exist. *Hawkins v. Sunmark Indus., supra* at 399. We narrowly circumscribe the application of such exceptions so as to protect no one from responsibility for the consequences of their wrongdoing except where protecting the public makes it essential to do so. As so aptly stated in *Nazareth Literary & Benevolent Inst. v. Stephenson*, Ky., 503 S.W.2d 177, 179 (1973), we must ask "... wherein the public interest lies. Claims of privilege are carefully scrutinized, and ... afforded validity in relatively few instances in the common law."

To amplify, we quote from *Buren v. Midwest Indus., Inc., supra*, the seminal case on the subject:

"[The] basis of non-liability is that 'it is the fireman's business to deal with that very hazard and hence ... he cannot complain of negligence in the creation of the very occasion for his engagement,' the precise risk which the public pays him to undertake." 380 S.W.2d at 98.

And we quote from this further explanation in *Hawkins v. Sunmark Indus., supra* at 400:

"Thus, for reasons of public policy, our rule is that firemen are required to assume the ordinary risks of their employment, a dangerous occupation, to the extent necessary to serve the public purpose of fire control, and this means providing the Fireman's Rule as a defense for those who are the owners or occupiers of the property he is employed to protect."

compensation benefits, and seeks reimbursement.

■ There are three prongs necessary to the application of the Firefighter's Rule as adopted in Kentucky:

1) The purpose of the policy is to encourage owners and occupiers, and others similarly situated, in a situation where it is important to themselves and to the general public to call a public protection agency, and to do so free from any concern that by so doing they may encounter legal liability based on their negligence in creating the risk.

2) The policy bars public employees (firefighters, police officers, and the like) who, as an incident of their occupation, come to a given location to engage a specific risk; *and*

3) The policy extends only to that risk.[2]

■ Movant, Sallee, fits the second prong of the Firefighter's Rule, because he was indeed a firefighter called to the location where he was hurt to engage a specific risk. However, he does not fit the third prong because he was not injured by the risk he was called upon to engage, but by a risk different in both kind and character.

Moreover the respondents, who seek to shield themselves from liability even should they be proved at fault for this injury, do not fit the first prong of the rule because they are neither owners, occupiers, nor persons otherwise fitting the description of those who, in the situation presented, need to be protected.

The trial judge painted with too broad a brush. His summary judgment opinion states:

"It would also be true that if a policeman in the investigation of a drunk driving incident were to be directing traffic, that the Fireman's Rule would not be excluded from application if another driver came along and struck and injured that policeman."

The Firefighter's Rule would insulate the persons involved in the drunk driving incident, but not another driver who negligently injured the police officer directing traffic. The hypothetical police officer, and the present movant, assume the risk that occasion their presence, but not a further risk from a different source.

The trial court and the Court of Appeals cited *Fletcher v. Illinois Cent. Gulf R. Co.*, Ky.App., 679 S.W.2d 240 (1984) wherein, following an allegedly negligent train derailment, the Firefighter's Rule was applied to bar a police officer from pursuing a cause of action against the railroad to recover for injuries sustained as a result of inhaling toxic fumes that escaped from some derailed tank cars. But the reason behind the ruling in the *Fletcher* case is thus explained:

"Thus, like the firemen in *Buren*, by accepting employment as a police officer he must be deemed to have assumed the personal *risk inherent* in dealing with the emergency which *necessitated his presence.*" [Emphasis added.] *Id.* at 243.

The Opinion further states, as a caveat:

"We note, however, that our decision should not be construed to mean that policemen and firemen are precluded from recovering for any injury incurred in the performance of their duties. On the contrary, our decision is limited in scope.... [T]hey may not maintain a negligence action against the party who created the risk to recover damages for any injuries they may have sustained as a result of their exposure to that particular risk." *Id.*

The present case presents neither a risk which was part of the emergency being attended, nor persons in the class the rule intends to protect. We recognize that the Firefighter's Rule is not restricted to "owners or occupiers," but covers as well others who need to be protected so they will call upon the appropriate public protection

---

2. *Buren v. Midwest Indus.* discusses a further concept: there is an exception to the Firefighter's Rule in cases which "predicate liability on the basis either of an unusual hidden hazard or of continuing 'active' negligence." 380 S.W.2d at 98. Respondents have *mistakenly* concluded that the exception subsumes the rule—that firefighters injured in the course of their duties only have a claim when the exception applies.

agency. But the respondents do not fit this description.

In *Hawkins v. Sunmark Indus., supra,* firefighters were called upon to attend a fire at a gas station where a motorist had backed into a gasoline pump and initiated the fire. A gas explosion occurred shortly after their arrival, allegedly caused by negligence in the design of the pump. We held that the owner and the occupier of the premises were protected by the Firefighter's Rule, and the motorist as well, because they fit the class of persons who should be encouraged to call the fire department when the fire occurred, rather than restrained from doing so by concern over personal liability to the firefighters who would respond. But as to the designer of the pump, we stated:

> "Finally, as to Tokheim, Inc., whose liability, if any, is premised on defective manufacture of the gasoline dispenser, alleged to have turned a low-grade, non-threatening fire into a holocaust, clearly the Fireman's Rule would have no application to this claim if it can be substantiated. Tokheim, Inc. is neither an owner nor occupant of the premises." 727 S.W.2d at 401.

The judgment of the trial court granting summary judgment premised on the Firefighter's Rule, and the Court of Appeals' decision affirming it, are vacated and reversed. The case is remanded to the trial court for further proceedings consistent with this Opinion.

All concur.