Michael **MAGGARD**, Appellant,

v.

**CONAGRA FOODS, INC. d/b/a Cook Family Foods, Appellee.**

No. 2004–CA–000224–MR.

Court of Appeals of Kentucky.

Feb. 11, 2005.

Discretionary Review Denied by Supreme Court Aug. 17, 2005.

Albert B. McQueen, Jr., Wilson, Polites & McQueen, Lexington, KY, for appellant.

Roger W. Hall, Williams, Hall & Latherow, Ashland, KY, for appellee.

Before BUCKINGHAM, McANULTY, and VANMETER, Judges.

*OPINION*

McANULTY, Judge.

Michael Maggard is an emergency medical technician employed by the Carter County Ambulance Service. On July 5, 2001, Maggard and his partner responded to an emergency call concerning an employee complaining of chest pain at the business premises of Cook Family Foods. Upon arriving, Maggard and his partner were taken to the human resources office on the third floor where the patient was seated. After assessing the patient, Maggard and his partner proceeded to take the patient on a stretcher down the stairs to an ambulance. There was no elevator. After wheeling the patient down the hallway to the stairwell, Maggard and his partner requested assistance in carrying the patient down the stairs from some men who were standing in the area. Abdul Razak, an employee who worked in human resources, and another Conagra employee volunteered to assist in carrying the patient down the stairs along with Maggard and his partner.

The four men proceeded to carry the patient down the stairs, with Maggard and Razak on the lower end of the stretcher. Upon reaching a second flight of stairs, Razak grew tired, swayed and fell against the wall. He called for someone to come and help him. When this occurred, Maggard moved to catch the patient and twisted as he did so. The stretcher partially dropped but did not fall. Maggard alleges he injured his back in the incident, which led to his having lumbar disc surgery and having to work on restricted duty. Mag-

gard sought to recover damages from Conagra Foods d/b/a Cook Family Foods (hereinafter Conagra Foods) for personal injury sustained as a result of negligence during the course of moving one of its employees by stretcher.

■ The trial court granted summary judgment to Conagra Foods. Summary judgment is appropriate when it appears impossible for the non-moving party to produce evidence at trial warranting judgment in his favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky.1991). The court determined that Maggard put forth no evidence to show that Conagra Foods owed a duty to assist Maggard or that there was any deviation from the standard of care owed to him, or that Maggard was injured as a direct result of any failure on the part of Conagra Foods to perform. The existence of a duty is a question of law for the court because it is essentially a policy determination. *Ostendorf v. Clark Equipment Co.*, 122 S.W.3d 530, 533 (Ky.2003).

■ In addition, the court found that Conagra Foods was protected by the public policy considerations of the Firefighter's Rule adopted in *Buren v. Midwest Industries, Inc.*, 380 S.W.2d 96 (Ky.1964). The Firefighter's Rule was stated in that case as follows:

> as a general rule the owner or occupant is not liable for having negligently created the condition necessitating the fireman's presence (that is, the fire itself), but may be liable for failure to warn of unusual or hidden hazards, for actively negligent conduct and, in some jurisdictions, for statutory violations "creating undue risks of injury beyond those inevitably involved in fire fighting."

*Id.* at 97–98. Because public policy requires firefighters to assume the ordinary risks of their employment to the extent necessary to serve the public purpose of

fire control, the Firefighter's Rule acts as a defense for the owners or occupiers of the property the firefighter is employed to protect. *Hawkins v. Sunmark Industries, Inc.*, 727 S.W.2d 397, 400 (Ky.1986).

Maggard challenges the grant of summary judgment since he alleges that he could establish that Conagra Foods breached a duty of ordinary care. He further argues that the Firefighter's Rule was inapplicable to him as an emergency medical technician, and even if it was appropriate, the trial court incorrectly applied it in this case. We agree that Maggard showed no breach of a duty owed him by Conagra Foods, and so we affirm the motion for summary judgment.

■ We first agree with the trial court that this case was suitable for application of the Firefighter's Rule. The Kentucky Supreme Court succinctly stated that the purpose of the policy was to encourage owners, occupiers, and others similarly situated, in a situation where it is important to call a public protection agency to do so free of any concern that they may encounter legal liability based on their negligence in creating the risk. *Sallee v. GTE South, Inc.*, 839 S.W.2d 277, 279 (Ky.1992). We find this particularly apt under the facts of this case. An employer or premises owner should not be deterred from calling for medical assistance for fear that they may be held liable for any injury occurring in the process of transporting the patient.

In Kentucky, the Firefighter's Rule has been applied to other professionals besides firefighters. In *Fletcher v. Illinois Central Gulf Railroad Co.*, 679 S.W.2d 240 (Ky.App.1984), this Court extended the rule to a police officer. This Court stated that the public policy considerations which motivated adoption of the Firefighter's Rule also applied to police officers. *Id.* at 242. In *Sallee*, 839 S.W.2d at 279, the

Supreme Court applied the rule to a fire department paramedic. The Court explained that one of the prongs of the Firefighter's Rule is the involvement of *"public employees* (firefighters, police officers, *and the like* ) who, as an incident of their occupation, come to a given location to engage a specific risk[.]" *Id.* at 279 (emphasis added.)

We do not agree with Maggard that his case may be distinguished from *Sallee* because in that case the paramedic was actually employed by the fire department. The rule is not concerned with the job title so much as it is with the work performed. Thus, we find no basis for excluding Maggard from the class of persons covered by the Firefighter's Rule, as a public employee employed to engage risks involved in emergency situations.

■ We further observe that, despite Maggard's opposition to application of the Firefighter's Rule, what he is really arguing is that his case fits within an exception to the rule. The exception to the rule, contained in the definition in the *Buren* case, is that liability may exist on the basis of an unusual hidden hazard or continuing active negligence. *Sallee,* 839 S.W.2d at 279, fn. 2. Maggard asserts in his brief that he should be able to recover for "active negligence after the fact" of the risk he was called to address. Maggard maintains that Razak's actions constituted continuing active negligence for which he may recover. Maggard's position was that Razak was negligent in volunteering to carry the stretcher while sending away two other workers who had also offered to help who were "larger and stronger—appearing" than Razak. Maggard cites the rule that a duty voluntarily assumed cannot be carelessly undertaken without incurring liability therefore. *Estep v. B.F. Saul Real Estate Inv. Trust,* 843 S.W.2d 911, 914 (Ky.App.1992).

We find no indication of carelessness on the part of Razak. There was no evidence that Razak was careless in his carrying of the stretcher, only that he tired while doing so. Maggard has not shown that it was unreasonable for Razak to believe that he could carry the stretcher, particularly in light of the fact that as a non-professional Razak had no way of knowing what the task would demand. Moreover, the professionals, Maggard and his partner, did not question his fitness to perform the task. We find no negligence in the fact that Razak's assistance may have precluded others from carrying the stretcher without tiring, since Razak could not know what the others were capable of and Maggard and his partner chose to proceed with the persons available. Razak had no duty to choose the people who would carry the stretcher. Thus, we do not perceive any active negligence by Razak or Conagra Foods.

The duties associated with transporting the patient were Maggard's. He testified in a deposition that his duties included transporting patients to the hospital. Maggard had been to the Cook Family Foods facility before. He testified that it was up to the individual emergency crew to decide whether to get help in carrying a stretcher up and down stairs. He said that if the crew felt that there was insufficient manpower at a site, they would have the fire department help them. Thus, it was for Maggard and his partner to decide how to transport the patient and whether to rely on non-professional assistance, which they did in this case.

The trial court correctly determined that Maggard's proof did not show Conagra Foods owed him a duty of care or that a duty of care was breached by Conagra Foods. For the foregoing reasons, we affirm the order of the Carter Circuit Court

which granted the motion for summary judgment.

ALL CONCUR.