**Andrea RICE, Appellant,**

v.

**David VANDERESPT and Patricia Vanderespt, Appellees.**

No. 2011–CA–002152–MR.

Court of Appeals of Kentucky.

Dec. 21, 2012.

Andrew J. Horne, Louisville, KY, for Appellant.

David L. Sage, Louisville, KY, for Appellees.

Before COMBS, LAMBERT, and NICKELL, Judges.

*OPINION*

COMBS, Judge:

Andrea Rice appeals the October 24, 2011, order of the Jefferson Circuit Court which granted a motion for summary judgment filed by David Vanderespt and Patricia Vanderespt, his wife. Rice is a police officer who responded to a call at the Vanderespts' property and was injured in the process. The sole issue on appeal is whether Rice is barred by the public policy considerations of the Firefighter's Rule from seeking recovery in tort. After our review, we conclude the trial court did not err in ruling that the Vanderespts cannot be held liable for Rice's injuries.

Rice is a patrol officer with the Louisville Metro Police Department. On the morning of April 8, 2009, she responded to a dispatcher's call concerning a report of domestic violence at 5205 Ronwood Drive in Louisville. When she arrived at the residence, Officer Rice observed a white male come out of the house onto the front porch. The man was naked and had blood dripping from his face. Officer Rice was convinced that he was impaired and dangerous; she called for emergency medical services and for back up from her beat partners.

Before the other officers arrived at the location, the man climbed to the porch rail and flung himself onto the concrete. Once he regained his footing, he began to advance toward Officer Rice; she deployed her conducted electrical weapon. However, the man was undeterred and continued to advance toward Officer Rice. She drew her service weapon and ordered him to stop. Officer Rice eventually fired on him, but still he continued to advance. Officer Rice ran and fell backward, losing her grip on her service weapon. The man retrieved the service weapon and fired numerous rounds at Officer Rice and others. Officer Rice and bystanders at the scene were shot. Officer Rice was hospitalized for three days and received rehabilitation services for six weeks.

On April 5, 2010, Officer Rice filed a civil action against the Vanderespts, the landlords of her assailant. She sought to recover damages for her injuries based on the Vanderespts' decision to rent their property to "violent and/or disruptive tenants...." Complaint at 2. Officer Rice alleged that the Vanderespts "created a public nuisance and threat to the public, neighbors, citizen[s] of the communit[y], as well as Plaintiff...." *Id.* She alleged that the Vanderespts' "failure to address the ongoing disruptive nature of the tenants and their guest[s] at their property" caused her grievous bodily injury. *Id.*

Following a period of discovery, the trial court granted summary judgment to the Vanderespts. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rule(s) of Civil Procedure 56.03.

The trial court determined that the Vanderespts were protected from liability by the public policy considerations underlying the Firefighter's Rule, which was adopted in *Buren v. Midwest Industries, Inc.,* 380 S.W.2d 96, 97 (Ky.App. 1964). The Firefighter's Rule was summarized in that case as follows:

> [A]s a general rule[,] the owner or occupant is not liable for having negligently created the condition necessitating the fireman's presence (that is, the fire itself), but may be liable for failure to warn of unusual or hidden hazards, for actively negligent conduct and, in some jurisdictions, for statutory violations "creating undue risks of injury beyond those inevitably involved in fire fighting."

*Id.* at 97–98. Because firefighters must assume the ordinary risks of their employment to the extent necessary to serve the public, the Firefighter's Rule serves as a public policy defense for the owners or occupiers of the properties that a firefighter is employed to protect. *See Maggard v. Conagra Foods, Inc.,* 168 S.W.3d 425 (Ky. App.2005). In *Fletcher v. Illinois Central Gulf Railroad Co.,* 679 S.W.2d 240 (Ky. App.1984), the rule was expanded to apply to police officers as well—at least in principle if not by specific name designation.

On appeal, Officer Rice contends that the trial court erred by applying the Firefighter's Rule to the facts of this case. She contends that the Vanderespts' failure to evict their menacing tenant before the tragic events of April 8, 2009, renders inapplicable the public policy underlying the rule. We do not agree.

As recited above, our courts have held that public policy requires police officers to assume the risks of their employment to the extent necessary to preserve public safety. We cannot agree that by failing to evict their tenant before April 8, 2009, the Vanderespts created an undue risk of injury beyond what is inevitably involved in responding to a call for help from the scene of ongoing domestic violence. On the contrary, the injuries that Officer Rice sustained at the Vanderespts' property were sadly but inescapably within the scope of those very risks inherent in her duty as a patrol officer responding to just such a call. Consequently, we conclude that the public policy considerations underlying the Firefighter's Rule clearly apply to the undisputed facts of this case and preclude recovery by Rice. The Vanderespts were entitled to judgment as a matter of law.

We affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.