RENDERED: AUGUST 16, 2018
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000248-DG

FINAL

DATE 9/6/18 Kim Redmon, DC

NORFOLK SOUTHERN RAILWAY COMPANY      APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.      CASE NO.2014-CA-001298-MR
BOYLE CIRCUIT COURT NO. 12-CI-00262

SHARON JOHNSON      APPELLEE

## OPINION OF THE COURT BY JUSTICE WRIGHT

### REVERSING

Appellant, Sharon Johnson, was employed by the Danville Police Department as a patrol officer. Johnson fell down an embankment and was injured while pursuing a suspect on foot. Johnson brought suit against Norfolk Southern Railway Company and Centre College.[1] The circuit court granted a directed verdict in favor of Norfolk Southern, finding that the Fireman's Rule bars Johnson's recovery as a matter of law. Johnson appealed that verdict to the Court of Appeals. The Court of Appeals reversed and remanded to the circuit court, holding that the Fireman's Rule did not bar Johnson's claim. Because we agree with the circuit court that the Fireman's Rule bars Johnson's claim, we reverse the Court of Appeals and reinstate the circuit court's ruling directing a verdict in favor of Norfolk Southern.

---

[1] Centre College was granted summary judgment after Norfolk Southern conceded that the fall took place on its property.

## I. BACKGROUND

On June 16, 2011, Johnson responded to a dispatch call regarding an individual on Dillehay Street who "was possibly intoxicated, maybe on something" and was "stripping his clothes off and walking up towards the stockyards." Sergeant Chris Matano also responded to the dispatch call. Once on the scene, Matano and Johnson pursued the suspect on foot. The foot pursuit led to a tree line and embankment located on Norfolk Southern's property. Matano was in front of Johnson in the pursuit, and descended the embankment without issue. However, this was not the case for Johnson. She fell to the bottom of the embankment, injuring her wrist and eye as a result of the fall. Johnson acknowledged that the embankment was a natural condition, not caused by Norfolk Southern.

Matano, having descended the embankment safely, placed the suspect into custody. Upon realizing Johnson had fallen, Matano contacted dispatch and requested emergency medical services.

Johnson filed suit against Norfolk Southern, claiming the embankment was a dangerous condition on its premises and that the company is liable to her for the fall. Norfolk Southern moved for a directed verdict based upon the common-law Firefighter's Rule and the open-and-obvious danger defense. The circuit court concluded that Johnson's claim was barred by the Firefighter's Rule and granted Norfolk Southern's motion. Johnson appealed this judgment to the Court of Appeals, which reversed the circuit court and held that the case at hand did not satisfy the three factors under the Firefighter's Rule and

2

remanded the case for further proceedings consistent with its opinion. We reverse the Court of Appeals and reinstate the circuit court's directed verdict.

## II. ANALYSIS

Our predecessor Court adopted the Firefighter's Rule in *Buren v. Midwest Indus., Inc.*, 380 S.W.2d 96 (Ky. 1964). The Rule is a public policy consideration that bars firefighters from recovering from injuries sustained while in the course of their duties. The constitutionality of this rule was challenged in *Hawkins v. Sunmark Indus., Inc.*, in which this Court held:

> for reasons of public policy, our rule is that firemen are required to assume the ordinary risks of their employment, a dangerous occupation, to the extent necessary to serve the public purpose of fire control, and this means providing the Fireman's Rule as a defense for those who are the owners or occupiers of the property he is employed to protect.

727 S.W.2d 397, 400 (Ky. 1986).

The Rule was expanded by the Court of Appeals to include police officers in *Fletcher v. Illinois Central Gulf Railroad Co.*, 679 S.W.2d 240 (Ky. App.1984). This Court acknowledged that extension in *Sallee v. GTE S., Inc.*, 839 S.W.2d 277, 279 (Ky. 1992).

The elements that must be satisfied for the Firefighters Rule to bar a claim are enumerated in *Sallee*, 839 S.W.2d at 279:

> There are three prongs necessary to the application of the Firefighter's Rule as adopted in Kentucky:
>
> 1) The purpose of the policy is to encourage owners and occupiers, and others similarly situated, in a situation where it is important to themselves and to the general public to call a public protection agency, and to do so free from any

3

concern that by so doing they may encounter legal liability based on their negligence in creating the risk.

2) The policy bars public employees (firefighters, police officers, and the like) who, as an incident of their occupation, come to a given location to engage a specific risk; and

3) The policy extends only to that risk.

*Id.* at 279 (footnote omitted). In *Sallee,* a paramedic was responding to a call when he fell into a shallow trench on the property. Sallee brought suit against the utility company which dug the trench. This Court held that Sallee was not injured by a risk inherent in his occupation and, therefore, the Firefighter's Rule did not bar his claim.

Here, the Court of Appeals held that, like the utility company in *Sallee,* Norfolk Southern does not fit within the first prong of the rule. It reasoned that Norfolk Southern is neither an owner, occupier, nor person otherwise falling within the description of those who (in the specific situation presented herein) need to be protected so they will call upon the appropriate public protection agency. Further, the Court of Appeals stated that:

there is no evidence that Norfolk [Southern] placed the call regarding the suspect, or was even aware of the incident in question. More importantly, Norfolk [Southern] in no manner negligently created a risk that necessitated or was the cause of Johnson's presence on the property. Instead, Johnson's entering onto the property and subsequently falling down the embankment was the result of wholly independent factors not involving Norfolk [Southern].

However, *Sallee* is distinguishable from the case at hand. Sallee brought suit against the utility company—not the property owner. Here, all parties and the courts have conceded that Norfolk Southern is the owner and occupier of the

4

land in question. Further, although Norfolk Southern did not place the call regarding the suspect, the company is considered to be an owner or occupier who should be able to contact a public protection agency without the concern of legal liability.

We are of the opinion that Norfolk Southern fits within the first prong of the Firefighter's Rule. The Court of Appeals erred in reasoning that Norfolk Southern did not satisfy the first prong because they did not contact law enforcement regarding the suspect. To affirm such reasoning, that for the Firefighter's Rule to apply the property owner must be the one who contacts law enforcement, would narrow this policy substantially. We see no need to do so.

Johnson also fits within the second prong of the Firefighter's Rule. As stated, the Court of Appeals expanded the Firefighter's Rule to include police officers in *Fletcher,* 679 S.W.2d at 240. We have adopted this expansion, stating that patrol officers are among the class of public employees that are protected under the policy of the Firefighter's Rule. *Sallee,* 839 S.W.2d at 279. Johnson was employed as a patrol officer and was called to the location where she was injured while in pursuit of a suspect. This is a normal part of the duties of a police officer and the danger of changes in the terrain during pursuit of a suspect is a specific risk of the job. Further, she was on Norfolk Railway's property for the sole reason of apprehending the suspect in the course of her job.

The Court of Appeals also held that Johnson did not fit within the third prong of the rule. The court cited *Sallee*, holding that Johnson "was not injured by the risk she was called upon to engage, but by a risk different in both kind and character." *Id.* 839 S.W.2d at 279.

As mentioned previously, Johnson's injury occurred after she fell down an embankment while engaged in a foot pursuit of a suspect. She had responded to a call regarding an individual acting in a disorderly manner, which led to this pursuit. We agree with the argument presented by Norfolk Southern: Johnson's injury was a result of the risk that she was called upon to engage.

In *Rice v. Vanderespt*, 389 S.W.3d 645 (Ky. Ct. App. 2012), the Court of Appeals held the Firefighter's Rule applied to bar a police officer from recovering from the assailant's landlords for injuries sustained from gunshot wounds while responding to a domestic violence call at a leased premises. There, the court said the risk of receiving gunshot injuries fell within the scope of risks inherent in the duties of a police officer. The Court of Appeals held:

> We cannot agree that by failing to evict their tenant before April 8, 2009, the Vanderespts created an undue risk of injury beyond what is inevitably involved in responding to a call for help from the scene of ongoing domestic violence. On the contrary, the injuries that Officer Rice sustained at the Vanderespts' property were sadly but inescapably within the scope of those very risks inherent in her duty as a patrol officer responding to just such a call. Consequently, we conclude that the public policy considerations underlying the Firefighter's Rule clearly apply to the undisputed facts of this case and preclude recovery by Rice.

6

*Id.* at 647. We are of the opinion that, like Rice, Johnson's injury was within the scope of the risks inherent in her duty as a patrol officer assisting in apprehending a suspect.

Because Johnson meets the three prongs of the Firefighter's Rule, she may not recover from Norfolk Southern. Since this case is resolved pursuant to the Firefighter's Rule, we need not address whether the danger was open and obvious.

### III. CONCLUSION

For the foregoing reasons, we reverse the opinion of the Court of Appeals and reinstate the circuit court's directed verdict in favor of Norfolk Southern.

All sitting. Cunningham, Hughes, Keller, VanMeter, Venters, and Wright, JJ., concur. Minton, C.J., concurs in result only.

COUNSEL FOR APPELLANT:

Robert Barry Cetrulo
Cetrulo, Mowery & Hicks, PSC

Casey Leigh Hinkle
Kaplan & Partners LLP

Michael P. Abate
Kaplan Johnson Abate & Bird LLP


COUNSEL FOR APPELLEE:

Kelly P. Spencer
Spencer Law Group

Lyman Darby
Lexington, KY