RENDERED: AUGUST 20, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1056-MR

KELLY ANN MALONEY                                                     APPELLANT


APPEAL FROM SHELBY CIRCUIT COURT
v.      HONORABLE CHARLES R. HICKMAN, JUDGE
ACTION NO. 19-CI-00212


WELLSPRING, INC.                                                       APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

DIXON, JUDGE: Kelly Ann Maloney appeals from the order dismissing her

claims against Wellspring, Inc. ("Wellspring") entered by the Shelby Circuit Court

on July 22, 2020. Following a careful review of the record, briefs, and law, we

affirm.

## FACTS AND PROCEDURAL BACKGROUND

On April 25, 2018, Maloney was employed as an officer with the Shelbyville Police Department. She was monitoring her radio while patrolling in her cruiser in downtown Shelbyville when she heard a dispatch from the probation and parole office. The dispatch was regarding a suspected parole violator, Joseph Cardwell, and included his physical description. When Maloney observed a man matching this description, she approached and asked if he was Cardwell. The man responded affirmatively and then fled. Maloney pursued Cardwell on foot and onto Wellspring's property, where she was traversing an outside set of steps, fell, and was injured. Maloney later described the steps as "crumbling" at her feet.

In addition to a workers' compensation claim, Maloney brought the instant lawsuit against Wellspring alleging negligence. After Maloney was deposed, Wellspring moved the trial court for summary judgment, which was granted. This appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. An

---

[1] Kentucky Rules of Civil Procedure.

appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Serv.'s., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

## ANALYSIS

On appeal, Maloney argues the trial court erroneously granted summary judgment for Wellspring in her negligence action against it as a result of injuries she suffered on its property. The trial court determined that the "Firefighter's Rule"[2] prevented Maloney from pursuing damages against Wellspring for the injuries she sustained in the course of her employment with the Shelbyville Police Department. Maloney maintains, however, the trial court misapplied the law to her case because it did not meet all of the elements for the Firefighter's Rule to bar her claim.

The Firefighter's Rule was first established in American jurisprudence in *Gibson v. Leonard*, 143 Ill. 182, 189, 32 N.E. 182, 183 (1892). Therein, a

---

[2] This is also referred to as the Fireman's Rule.

fireman sued the owner of a burning building in Chicago when he was badly injured by a defective elevator while attempting to put out the fire. In denying the fireman's claim, the court focused on the fireman's entry status on the burning property as determinative:

> [a]ctionable negligence, or negligence which constitutes a good cause of action, grows out of a want of ordinary case and skill in respect to a person to whom the defendant is under an obligation or duty to use ordinary care and skill. *The owner of land and of buildings assumes no duty to one who is on his premises by permission only as a mere licensee, except that he will refrain from willful or affirmative acts which are injurious.* As was said in *Sweeny v. Railroad Co.*, 10 Allen, 368: "*A licensee, who enters on premises by permission only, without any enticement, allurement, or inducement being held out to him by the owner or occupant, cannot recover damages for injuries caused by obstructions or pitfalls. He goes there at his own risk, and enjoys the license subject to its concomitant perils.*" When, at the time of the fire, the members of the fire patrol forced open the door, and entered the main floor and basement of the building, they were not trespassers; nor did they enter the premises by virtue of a license, either express or implied, from either appellee, the owner of the building, or Sues, his tenant. The facts that the premises were closed for the night, that the doors were all locked and barred, that no ingress was possible without using force and violence and breaking the doors, and that the lawful owners and occupants were all absent, and had no knowledge of either the fire or the proposed entry, and all the other surrounding circumstances, preclude any theory of license from the owner or tenant.

(Emphasis added.) Broadly then, a fireman entering a burning building assumes the risk of injury or death as a "concomitant peril" of the occupation of fireman.

In later cases, the Firefighter's Rule has been applied to police officers, reasoning as follows:

> [F]iremen, policemen and other such persons professionally trained to deal with dangerous situations on a regular basis must be held to assume the normal apparent risks that are to be expected in encountering such hazards, whether on or off the premises. *Yet the fireman's rule has been held only to apply when the firefighter or police officer is injured from the very danger, created by the defendant's act of negligence, that required his professional assistance and presence at the scene in the first place,* and the rule will not shield a defendant from liability for independent acts of misconduct which otherwise cause the injury.

W. Page Keeton, et al., PROSSER AND KEETON ON THE LAW OF TORTS § 61 (5th ed. 1984) (emphasis added). Thus, the Rule was limited to situations in which a fireman or police officer was injured by the "very danger" created by the property owner's act of negligence which caused the responder to be on the defendant's property in the first place.

However, the Supreme Court of Kentucky somewhat recently expanded the Firefighter's Rule. In a factually similar - although not completely identical - case, *Norfolk Southern Railway Company v. Johnson*, 554 S.W.3d 315 (Ky. 2018), the Court discussed the historical application of the Firefighter's Rule in Kentucky's jurisprudence, stating:

-5-

Our predecessor Court adopted the Firefighter's Rule in *Buren v. Midwest Indus., Inc.*, 380 S.W.2d 96 (Ky. 1964). The Rule is a public policy consideration that bars firefighters from recovering from injuries sustained while in the course of their duties. The constitutionality of this rule was challenged in *Hawkins v. Sunmark Indus., Inc.*, in which this Court held:

> for reasons of public policy, our rule is that firemen are required to assume the ordinary risks of their employment, a dangerous occupation, to the extent necessary to serve the public purpose of fire control, and this means providing the Fireman's Rule as a defense for those who are the owners or occupiers of the property he is employed to protect.

727 S.W.2d 397, 400 (Ky. 1986).

The Rule was expanded by the Court of Appeals to include police officers in *Fletcher v.* [*Illinois Cent. Gulf R.R. Co*.,] 679 S.W.2d 240 (Ky. App. 1984). This Court acknowledged that extension in *Sallee v. GTE S., Inc.*, 839 S.W.2d 277, 279 (Ky. 1992).

The elements that must be satisfied for the Firefighters Rule to bar a claim are enumerated in *Sallee*, 839 S.W.2d at 279:

> There are three prongs necessary to the application of the Firefighter's Rule as adopted in Kentucky:
>
> 1) The purpose of the policy is to encourage owners and occupiers, and others similarly situated, in a situation where it is important to themselves and to the general public to call a public protection agency, and to do so free from any concern that by so doing they may encounter legal liability based on their negligence in creating the risk.

-6-

2) The policy bars public employees (firefighters, police officers, and the like) who, as an incident of their occupation, come to a given location to engage a specific risk; and

3) The policy extends only to that risk.

*Id*. at 279 (footnote omitted).

*Id.* at 317.

In *Norfolk*, a police officer - Officer Johnson - fell down an embankment and was injured while pursuing a suspect on foot. The *Norfolk* Court ultimately found all three elements of the Firefighter's Rule were met and applied to that case. Likewise, the trial court in this case followed the same factual and legal analysis.

Nevertheless, Maloney claims the trial court erred by extending the Firefighter's Rule to include the risk of "crumbling" steps on Wellspring's property, which she claims had nothing to do with the specific risk of pursuing the criminal suspect she was called upon to engage. This argument - like that raised in *Norfolk* - goes to the third prong of the Firefighter's Rule. Maloney argues she was on Wellspring's property to pursue Cardwell and that was the specific risk she was called upon to engage, not being subjected to crumbling and unsafe steps. Maloney attempts to distinguish her case from *Norfolk* because the officer in that case fell down a natural, grassy embankment unintended for foot traffic, as opposed to a manmade set of steps open to the public.

However, Maloney's argument ignores the analysis of *Norfolk*. In that case, the Court observed:

> Johnson was employed as a patrol officer and was called to the location where she was injured while in pursuit of a suspect. This is a normal part of the duties of a police officer and **the danger of changes in the terrain during pursuit of a suspect is a specific risk of the job.** Further, she was on Norfolk Railway's property for the sole reason of apprehending the suspect in the course of her job.
>
> The Court of Appeals also held that Johnson did not fit within the third prong of the rule. The court cited *Sallee*, holding that Johnson "was not injured by the risk she was called upon to engage, but by a risk different in both kind and character." *Id*. 839 S.W.2d at 279.
>
> As mentioned previously, Johnson's injury occurred after she fell down an embankment while engaged in a foot pursuit of a suspect. She had responded to a call regarding an individual acting in a disorderly manner, which led to this pursuit. We agree with the argument presented by Norfolk Southern: **Johnson's injury was a result of the risk that she was called upon to engage.**

*Id*. at 318 (emphasis added). Likewise, here, the danger of changes in terrain include those within the cityscape with which Maloney was faced during her pursuit. Thus, encountering dilapidated steps was a specific risk of Maloney's duties as a police officer pursuing Cardwell in downtown Shelbyville.

Even so, Maloney contends her situation fits within the exception that has existed with the Firefighter's Rule since *Buren*, 380 S.W.2d 96. The Court therein clearly stated,

-8-

> Suffice it to say that as a general rule the owner or occupant is not liable for having negligently created the condition necessitating the fireman's presence (that is, the fire itself), but may be liable for failure to warn of unusual or hidden hazards, for actively negligent conduct and, in some jurisdictions, for statutory violations 'creating undue risks of injury beyond those inevitably involved in fire fighting.'

*Id.* at 97-98. The *Buren* Court found the owner's failure to comply with fire codes was not a hidden hazard or continuing active negligence but noted "the presence of explosives may predicate liability on the basis either of an unusual hidden hazard or of continuing 'active' negligence, as the particular facts warrant." *Id.* at 98. The Court did not reject the notion that the presence of an explosive cleaning agent on the premises constitutes an unusual hidden hazard to responders or continuing "active" negligence but found the substance's role in causing the responders' deaths was too speculative.

Here, Maloney alleges the trial court prematurely granted summary judgment because there were genuine issues of material fact that would preclude same - namely, whether the "crumbling" steps were a hidden hazard and whether her encounter with the steps was inherent in her job as a police officer. However, in light of the broad scope of the decision in *Norfolk*, as previously discussed, it is clear there is no genuine issue of material fact that would preclude summary judgment on the issue of Maloney's duty as a police officer to pursue Cardwell, which led to and included Maloney's attempt to navigate the steps. The focus is

now whether Appellant fits within the three factors discussed in *Norfolk*. If so, the issue of duty is now irrelevant and, therefore, so is the issue of whether the danger is open and obvious, or not.

Maloney further argues the "actively negligent conduct" exception to the Firefighter's Rule mentioned in *Buren* and its progeny applies to her case. "Continuing active negligence" refers to "new negligence that is subsequent conduct after the [police] arrive[ ] on the premises." *Hawkins*, 727 S.W.2d at 399 n.1. Maloney alleges no "new" negligence after her arrival on Wellspring's property; thus, this exception does not apply to her case.

Maloney's final argument is the Firefighter's Rule should not afford first responders fewer rights than those enjoyed by other citizens. This, in effect, challenges the rule itself as well as the policy considerations behind it. "There are . . . sound policy reasons to continue the fireman's special status, foreclosing him from asserting a claim, but only as to those who are the intended beneficiaries of the policy, to-wit: the owners and occupiers of the property he is employed to protect." *Id.* at 400. Firemen "assume the ordinary risks of their employment, a dangerous occupation, to the extent necessary to serve the public purpose of fire control, and this means providing the Fireman's Rule as a defense for those who are the owners or occupiers of the property he is employed to protect." *Id.* Whether we agree with Appellant's position is irrelevant. Our Supreme Court has

made clear the Firefighter's Rule is determinative in Kentucky, and it is not our place to depart from or abandon it.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Shelby Circuit Court is AFFIRMED.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Joseph T. Pepper | Michael S. Jackson |
| George Schuhmann | Robert D. Bobrow |
| Louisville, Kentucky | Louisville, Kentucky |