RENDERED: JANUARY 6, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1304-MR

MICHAEL GONTERMAN AND                                    APPELLANTS
JEANA GONTERMAN


v.              APPEAL FROM HENRY CIRCUIT COURT
                HONORABLE JERRY CROSBY, II, JUDGE
                ACTION NO. 18-CI-00221


WOOSTER MOTOR WAYS, INC.;
TEDDY SEERY; EC DELIVERY,
LLC; JAMES BAUMHOWER;
KENTUCKY FARM BUREAU
MUTUAL INSURANCE COMPANY;
AND KENTUCKY SELF-INSURED
AUTO PROGRAM-STATE RISK &
INSURANCE SERVICES DIVISION                              APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; DIXON AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE: Michael Gonterman and his wife, Jeana

Gonterman, appeal from orders granting summary judgment to Appellees. The

trial court found that the Firefighter's Rule[1] prevented Appellants from recovering from Appellees. The Firefighter's Rule, under certain circumstances, prohibits emergency personnel from recovering for injuries sustained while performing their duties. The court held that Appellees could not be held liable for Mr. Gonterman's injuries and granted them all summary judgment. We disagree and reverse and remand.

## FACTS AND PROCEDURAL BACKGROUND

On April 25, 2018, John Crawford was driving on Interstate 71 in Henry County. While driving, he saw two dogs on the side of the interstate. In response, he pulled over onto the right shoulder, parked off the roadway, and called 911 to ask for assistance. He then attempted to corral the dogs on his own. Numerous other people had called 911 that day to report the dogs being near the interstate.

Mr. Gonterman, a Kentucky State Police trooper, was dispatched to respond to the dogs. When he arrived, the dogs and Mr. Crawford were on a bridge. Trooper Gonterman pulled over onto the shoulder of the interstate, just before the entrance of the bridge, turned on his emergency lights, and exited the vehicle. He then proceeded along the shoulder and onto the bridge in order to assist Mr. Crawford.

---

[1] Also known as the Fireman's Rule.

Trooper Gonterman and Mr. Crawford were walking along the shoulder of the bridge with the dogs when two commercial vehicles operated by Teddy Serry, an employee of Wooster Motor Ways, Inc., and James Baumhower, an employee of EC Delivery, Inc., were involved in a collision. As a result of the collision, Mr. Baumhower's truck killed Mr. Crawford and pushed Trooper Gonterman off the bridge. Trooper Gonterman suffered severe injuries, but survived.

Sergeant Dusty Corbin of the Kentucky State Police then began an investigation of the accident. According to Sergeant Corbin's report, when Mr. Baumhower and Mr. Serry saw the police vehicle with emergency lights flashing, they both moved into the left lane. Mr. Baumhower then had to abruptly move back into the right lane to avoid a car that had almost completely stopped in front of him in the left lane. It was at this time that Mr. Baumhower saw the pedestrians and dogs on the bridge. He then immediately swerved back into the left lane to avoid them.

When Mr. Baumhower swerved into the right lane, Mr. Seery then saw the slow-moving car in the left lane. He too then swerved into the right lane to avoid colliding with the car. As Mr. Seery moved into the right lane, he collided with Mr. Baumhower's truck. This collision caused Mr. Baumhower's truck to fishtail into the bridge railing and hit Trooper Gonterman and Mr. Crawford.

Sergeant Corbin concluded that Mr. Seery was following too closely to Mr. Baumhower just prior to the collision. He also believed Mr. Seery was driving too fast and unable to come to a safe stop when he came upon the slow-moving car. Sergeant Corbin also believed that Mr. Baumhower was inattentive to traffic, following the car in front of him too closely, and driving too fast.

Appellants then brought suit against the truck drivers, their employers, and the relevant insurance carriers.[2] Appellants' claims against Mr. Baumhower and Mr. Seery were for negligence, gross negligence, and loss of spousal consortium. Appellants brought those same claims against Wooster and EC Delivery and also included claims for *respondeat superior* and negligent hiring, training, supervision, and retention.

After some discovery, Appellees all moved for summary judgment. They argued that the Firefighter's Rule barred Appellants' claims. The trial court agreed and granted summary judgment to Appellees. This appeal followed.

## ANALYSIS

On appeal, Appellants argue that the Firefighter's Rule does not apply to Trooper Gonterman and his injuries.

> The Firefighter's Rule is a "common law rule of longstanding," judicially created as a "public policy" exception to the liability for negligence which might otherwise exist. We narrowly circumscribe the

---

[2] Appellants sued other individuals, but they are irrelevant for our purposes.

-4-

application of such exceptions so as to protect no one from responsibility for the consequences of their wrongdoing except where protecting the public makes it essential to do so.

*Sallee v. GTE South, Inc.*, 839 S.W.2d 277, 278 (Ky. 1992) (citation omitted).

The Firefighter's Rule was first adopted by our courts in *Buren v. Midwest Industries, Inc.*, 380 S.W.2d 96 (Ky. 1964). The Court in that case stated that

as a general rule the owner or occupant is not liable for having negligently created the condition necessitating the fireman's presence (that is, the fire itself), but may be liable for failure to warn of unusual or hidden hazards, for actively negligent conduct and, in some jurisdictions, for statutory violations creating undue risks of injury beyond those inevitably involved in fire fighting.

*Id.* at 97-98 (internal quotation marks and citation omitted).

[F]or reasons of public policy, our rule is that firemen are required to assume the ordinary risks of their employment, a dangerous occupation, to the extent necessary to serve the public purpose of fire control, and this means providing the Fireman's Rule as a defense for those who are the owners or occupiers of the property he is employed to protect.

*Hawkins v. Sunmark Industries, Inc.*, 727 S.W.2d 397, 400 (Ky. 1986). This rule was expanded to include police officers in the case of *Fletcher v. Illinois Cent. Gulf R.R. Co.*, 679 S.W.2d 240 (Ky. App. 1984).

Under the Firefighter's Rule, a first responder may not recover for any negligence that created the situation to which the responder responds. In *Sallee*,

-5-

*supra*, the Kentucky Supreme Court listed three factors a court is to consider when trying to determine if the Firefighter's Rule should apply.

> 1) The purpose of the policy is to encourage owners and occupiers, and others similarly situated, in a situation where it is important to themselves and to the general public to call a public protection agency, and to do so free from any concern that by so doing they may encounter legal liability based on their negligence in creating the risk.
>
> 2) The policy bars public employees (firefighters, police officers, and the like) who, as an incident of their occupation, come to a given location to engage a specific risk; *and*
>
> 3) The policy extends only to that risk.

*Sallee*, 839 S.W.2d at 279 (footnote omitted) (emphasis in original).

As this case revolves around a legal question and summary judgment, we review *de novo*. *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky. App. 2001). The trial court in the case at hand found that all three of the above factors were present. We disagree. We believe factors one and three are not applicable. The trial court found that the first factor was met by the truck drivers because, as drivers on the interstate, they were people who would benefit from the police officer's presence. The court believed that all drivers on that stretch of road would benefit from Trooper Gonterman attempting to remove the dogs from the road; therefore, they were considered "others similarly situated." The trial court found that the third factor was present because Trooper Gonterman was dispatched to

-6-

Interstate 71 to mitigate a road hazard and prevent an accident. He was then struck by a car accident. The trial court believed that Trooper Gonterman was injured by the situation to which he responded.

We will first discuss the first *Sallee* factor. The Firefighter's Rule is a judicially created public policy exception to negligence liability. It is used to prevent emergency personnel from suing people who cause or are involved in a public safety hazard if the emergency responder is injured by said hazard. The reasoning is that emergency responders are paid to deal with dangerous hazards; therefore, they cannot complain about the hazards they encounter as part of their employment. *Sallee*, 839 S.W.2d at 278; *Hawkins*, 727 S.W.2d at 400; *Buren*, 380 S.W.2d at 98.

"[B]y accepting employment as a police officer [an officer] must be deemed to have assumed the personal risk inherent in dealing with the emergency which necessitated his presence." *Fletcher*, 679 S.W.2d at 243. Decisions by the courts of Kentucky regarding the Firefighter's Rule

> should not be construed to mean that policemen and firemen are precluded from recovering for any injury incurred in the performance of their duties. On the contrary, our decision is limited in scope. It applies only to those situations where officers in the performance of their duties are required to subject themselves to an unreasonable risk of harm negligently created by a party and are injured. In such instances, they may not maintain a negligence action against the party who created the risk to recover damages for any injuries they may have

sustained as a result of their exposure to that particular risk.

*Id.*

We do not believe the truck drivers in this case fit into the categories described by *Sallee* factor one. First, the truck drivers are not owners or occupiers of the land where the accident took place. This was a public highway owned and operated by the Commonwealth of Kentucky. The truck drivers had no ownership, leasehold, or other legal authority over the land. We also do not believe they fit into the definition of "others similarly situated." The truck drivers had nothing to do with the road hazard that Trooper Gonterman was responding to. The dogs did not belong to the truck drivers and neither of the truck drivers called 911 to report the dogs being in the road. Because they had no connection to the road hazard at issue, they are not the type of people who the Firefighter's Rule was created to protect. In other words, they are not people who needed to be concerned over being sued by emergency personnel responding to the dogs in the road because they did not create the risk to Trooper Gonterman. The trial court erred in finding *Sallee* factor one was met.

We now move on to *Sallee* factor three, that Trooper Gonterman was injured by the risk he was called to remedy. The Firefighter's Rule bars recovery for negligence which created the emergency or flows from the emergency. For example, in *Norfolk Southern Railway Company v. Johnson*, 554 S.W.3d 315 (Ky.

2018), a police officer was injured when she fell down an embankment while pursuing a suspect. The embankment was on Norfolk's property. The officer sued Norfolk and claimed that the embankment was a dangerous condition and negligently maintained by Norfolk. The Kentucky Supreme Court held that the Firefighter's Rule applied because the officer was called to the area to investigate the suspect and a foot chase ensued. During the chase was when she fell down the embankment. The Court reasoned that her injury was caused by the emergency she was there to investigate as chasing a suspect is part of her job. *Id.* at 318-19.

On the other hand, it does not bar recovery for injuries sustained by negligent, reckless, or intentional conduct separate from the emergency. For example, in *Sallee*, *supra*, two paramedics were sent to treat and transport an assault victim. An underground utility cable had recently been installed on the property where the assault victim was located. Upon arrival, one of the paramedics tripped and fell because the trench in which the underground cable was installed had not been filled in properly. The paramedic then sued the utility company for damages due to his injuries. The Kentucky Supreme Court held that the Firefighter's Rule did not apply because the injury was not due to the emergency he was called upon to deal with, *i.e.*, the injured assault victim.

We believe that the injuries sustained by Trooper Gonterman were not the result of the situation he was sent to Interstate 71 to remedy. Trooper

Gonterman was sent to remove traffic hazards in the form of two dogs and Mr. Crawford. He was to remove the hazards in order to prevent an accident. Although an accident did occur, it occurred due to the alleged active and independent negligence[3] of Mr. Seery and Mr. Baumhower. Both were traveling too fast and were too close to the vehicle in front of them. The accident did not occur because of the dogs or Mr. Crawford. Had one of the dogs or Mr. Crawford accidentally pushed Trooper Gonterman into the road, causing him to be struck by a vehicle, then the Firefighter's Rule would probably apply. Had one of the dogs darted into the road, causing a vehicle to swerve and strike Trooper Gonterman, then the Firefighter's Rule would likely have applied. The accident in this case was caused by the alleged intervening and active negligence of the two truck drivers, not the dogs or Mr. Crawford. As the accident and subsequent injuries were not caused by the emergency Trooper Gonterman was sent to remedy, the third factor of the Firefighter's Rule does not apply and Trooper Gonterman's claims are not barred.

Further supporting our conclusion is a hypothetical situation discussed by the Kentucky Supreme Court in *Sallee*, *supra*. The Court in *Sallee* stated that if a police officer were investigating a drunk driver and during the investigation, he

---

[3] Active negligence has been defined as new, subsequent conduct that has occurred after the emergency responder has arrived. *Hawkins*, 727 S.W.2d at 399 n.1.

began directing traffic and was struck by another motorist, the Firefighter's Rule would apply to the drunk driver, but not to the other driver who struck the officer. *Sallee*, 839 S.W.2d at 279. A similar situation to the *Sallee* hypothetical occurred in this case. Trooper Gonterman was involved in removing the dogs and Mr. Crawford from the interstate[4] when the truck drivers caused an accident and injured him.[5]

Appellants raise other issues on appeal; however, they are moot now that we have determined that the Firefighter's Rule does not apply in this case.

## **CONCLUSION**

Based on the foregoing, we reverse and remand. The trial court erred when it determined that the Firefighter's Rule applied in this case. It does not. Trooper Gonterman's injuries were not caused by the emergency he was called out to mitigate and the truck drivers were not the type of people the Firefighter's Rule was created to protect.

ALL CONCUR.

---

[4] This would be comparable to the drunk driver investigation.

[5] This is comparable to the other motorist striking the officer while he was directing traffic.

BRIEFS FOR APPELLANTS:

Tyler S. Thompson
Liz J. Shepherd
Marshall J. Rowland
Louisville, Kentucky

Edward Bourne
Courtney Bourne
Owenton, Kentucky

Chad O. Propst
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLANTS:

Chad O. Propst
Louisville, Kentucky

BRIEF FOR APPELLEES EC
DELIVERY, LLC AND JAMES
BAUMHOWER:

Lynsie Gaddis Rust
Andrew Bokeno
Louisville, Kentucky

ORAL ARGUMENT  FOR
APPELLEES EC DELIVERY, LLC
AND JAMES BAUMHOWER:

Lynsie Gaddis Rust
Louisville, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEES WOOSTER
MOTOR WAYS, INC. AND TEDDY
SEERY:

Christina R. L. Norris
Louisville, Kentucky

BRIEF FOR APPELLEE
KENTUCKY FARM BUREAU
MUTUAL INSURANCE
COMPANY:

James M. Crawford
Jake A. Thompson
Carrollton, Kentucky

ORAL ARGUMENT FOR
APPELLEE KENTUCKY FARM
BUREAU MUTUAL INSURANCE
COMPANY:

Jake A. Thompson
Carrollton, Kentucky